Wilde, J.
This cause has been argued on both sides with great ability. Nothing, I believe, has escaped the attention of the counsel, which could influence, in any degree, the decision of the cause. In delivering the opinion of the Court, I shall advert only to the principal arguments that have been urged, which will suffice to show the grounds of our determination.
It is admitted that one Susanna Hathorne died intestate and seised in fee of several parcels of real estate, of which the demanded premises are a part, leaving the demandant, with one Joseph Hathorne and sundry other persons, her heirs at law. The demandant claims the land in question in severalty, by virtue of a decree of the judge of probate, assigning the same to her, as one of the heirs of the said Susanna, in the division of the estate. Her title, therefore, depends on the validity of this division and assignment.
The first objection made to it, by the counsel for the tenant, is, that the judge of probate had no jurisdiction of the case , it being admitted that, previously to the division, an attachment was laid by the tenant on the share of the said Joseph Hathorne, and that execution has been duly extended thereon, within thirty days after judgment; so that his title has relation back to the time of the attachment, which was prior to any proceedings in the Probate *73 Court in relation to the estate. The case of Pond & Al. vs. Pond Al. has been relied upon in support of this objection. This case would certainly be in point, but for the statute of 1817, c. 190, by which it is provided “ that no conveyance, made by any heir or devisee, of his or her interest or estate in the lands of any testator or intestate, * shall take from the judge of probate [ * 91 ] his jurisdiction and authority to divide and assign the real estate of any testator or intestate, among his or her heirs or devi sees.” When an execution is levied on the real estate of the debtor, all his title and interest in the estate is transferred to the creditor, who thereby becomes the purchaser of the estate. 3 Mass. Rep. 219. We consider such a levy, therefore, as equivalent, in legal contemplation, to a conveyance by deed; and this, by the express provision of the statute, is not to take from the judge of probate his jurisdiction.
The next objection, we think, is better founded. It is this, that the tenant is not bound, nor can his estate be affected, by the decree of the judge of probate, he never having been notified of the proceedings in the Probate Court. It is a familiar principle of the common law, that judgments do not bind the rights of any but parties and privies. By a writ of partition none are bound, but the parties named. In such process, therefore, all the co-tenants must be made parties. In this state, a more convenient remedy is provided by petition, in which the petitioner may declare that he is seised in common with persons unknown; and if, after public notice given, no one appears to object to the partition, the petitioner’s share may be set off to him, to hold in severalty. And such partition will bind all the co-tenants, because all are consid ered as having notice. But, unless general notice, according to the statute, be given, all the co-tenants must be made parties, or be notified, or the partition will be void. 2 Mass. Rep. 471.—3 Johns. 459. This rule applies with still greater force to a partition or division made by a judge of probate, because no writ of error lies to the Probate Court; and a party having no notice, cannot be supposed to have an opportunity to appeal. In the case of Smith vs. Rice, 11 Mass. Rep. 507, it was accordingly determined that partition, made by order of the judge of probate, was void as to a person not notified. The reasons given for * the [ * 92 ] judgment in that case are perfectly convincing, and are decisive as to the question under consideration.
The remaining questions relate to the title of the tenant; as to which two objections have been made. 1st. That the statute of 1817, before referred to, has repealed the law of attachments, so far as it relates to a case like the present. And, 2d. That the *74 attachment and levy, if valid, could only transfer to the creditor the same estate which the debtor had ; and that this was a defeasible estate, subject to the debt due from him to the intestate. If either of these objections be well founded, the tenant’s title must fail, and no objection will remain to the proceedings in the Probate Court.
As to the first of these objections, it is sufficient to remark that we can perceive no repugnance in the two statutes. The law does not favor repeals by implication; they are not to be allowed, unless the repugnancy be quite plain. Bac. Abr. Statute D.
It cannot be supposed that the provision, for the division of estates among heirs or devisees, was intended to restrain their right of alienation ; for it refers to such right, as an existing one. If then an heir may convey his share in the estate by deed, of which I think there can be no doubt, no reason can be given why it should not be liable to be taken on execution. There can be no more difficulty in any such case, in making partition in the Probate Court, than there would be in other courts; unless the validity of the conveyance or the levy should be questioned. In that case it is true, as suggested in the case of Pond & Al. vs. Pond & Al., questions might arise, which would seem not altogether proper for the consideration of a Probate Court. The legislature, however, have not thought this a sufficient objection to the giving of jurisdiction to the judge of probate in such cases; and it cannot affect the construction of the statute, as to the point in question. [ * 93 ] * The other objection would be fatal to the title of the tenant, if it were true that Joseph Hathorne had but a defeasible estate, as has been suggested. For the tenant has no greater or better estate than Joseph Hathorne had, at the time of the attachment. But we are of opinion that his estate was no more subject to the debt formerly due to the intestate, than it was to any other debt. In the division of real estate among heirs, no deduction can be made from the share of any one of them, on account of any debt due from him to the estate. This can only be done in cases of advancement. It cannot be done even in the distribution of the personal estate; there is no law authorizing a judge of probate so to do. The course is, to make an equal distribution ; and the administrator, if he would avail himself of the right of set off, may refuse to pay this distributive share ; but this right of set off does not constitute a lien on the estate.
For these reasons, we think the tenant’s title under the levy is good, and that the demandant must be called.

Demandant nonsuit