Smith *v.* Young.

SAME TERM.    *Before the same Justices.*

SAME TERM.    *Before the same Justices.*

SMITH *vs.* YOUNG.

Where, in an action upon a lost note, the loss of the note is proved, by a disinterested witness, that is a sufficient compliance with the rule requiring the best evidence which the nature of the case will allow; and it is not necessary that the plaintiff himself should be sworn as to the loss of the note, in order to admit secondary evidence of its contents.

In order to recover at law on a negotiable note, which has been lost, after being ne-

Smith *v.* Young.

gotiated, the party must comply with the provisions of the statute, under which alone he can maintain an action at law. *Per* Edmonds, J.

A person acquiring an interest in such an instrument, after it has been lost, cannot have the benefit of the statute, but must have recourse to the former remedy in equity.

Where in an action upon a lost note, there is some evidence that the plaintiff was the owner of the note at the time it was lost, it is competent for the court to submit the question of ownership to the jury; and if they find that the ownership was in the plaintiff, their finding will not be disturbed, on the ground that the evidence was not sufficient.

In regard to the sufficiency of evidence, the rule is that if there is any evidence on the point, the judge trying the cause may submit it to the jury; and if he does so, his decision cannot be corrected on writ of error. *Per* Edmonds, J.

Error to the New-York superior court. This was an action on a lost negotiable note. The proof on the trial was, that the note had been endorsed by the payee, and had been passed off to a holder, who wrote over the name of the endorser, " pay Edward Dewitt or bearer," and then transferred it to one Rapelyea. There was no further evidence of any transfer of the note, except that a clerk of one Edwards testified that the note had been given to him by Edwards before maturity, to deposit in a bank for collection, and that on his way to the bank he had lost it, with other papers. There was no evidence connecting the plaintiff below with the note, except that after a suit had been brought in his name, the defendant below said he would call upon him. The defendant below objected, on the trial, that secondary evidence of the contents of the note was not admissible, unless the plaintiff himself was sworn as to its loss; and that there was no proof in the case that the plaintiff below was, at the time of its loss, or ever had been, the owner of the note. The objections were overruled, and judgment rendered for the plaintiff for the amount of the note.

The case was submitted on written arguments.

*J. H. Raymond,* for the plaintiff in error.

*J. H. Patten,* for the defendant in error.

*By the Court,* Edmonds, J. There is nothing in the first objection taken on the trial. There may be cases in which it

Smith v. Young.

would be proper for the court to require the party himself to be sworn as to the loss, in compliance with the rule requiring the best evidence which the nature of the case will allow, and to rebut any presumption which might arise from other facts in a case, that the party was seeking to substitute inferior for primary evidence, in order to defraud. But no such presumption arises in this case; and the loss was proved by a disinterested witness. That was a sufficient compliance with the rule, to allow the secondary evidence of the contents.

In order to recover at law on a negotiable note, which has been lost, after being negotiated, the party must comply with the provisions of the statute under which alone he can maintain an action at law. The remedy in such a case was formerly only in equity, because that court alone had the power to exact the indemnity necessary to protect the parties to the instrument from a liability to a bona fide holder, under the law relating to negotiable paper. But the revised statutes, (*Vol.* 2, *p.* 406, § 75,) have given this power also to courts of law, in one case, and that is, where it shall "appear on the trial that the note was lost while it belonged to the party claiming the amount due thereon." So that a person acquiring an interest in such an instrument, after it has been lost, cannot have the benefit of the statute, but must have recourse to the former remedy in equity. In this case there was some evidence that the plaintiff below was the owner of the note at the time it was lost, consisting in the defendant's promise to call on him in regard to it; but no evidence that the suit, though brought in his name, was for the benefit of him who had been the holder of the note at the time of its loss. On the other hand, there was an inference from the evidence that Edwards owned it at that time. It would have been competent for the court to submit the question of such ownership to the jury. And if they had found that it had been in the plaintiff below, we could not, in this suit, disturb their finding. It does not appear whether it was submitted to them or not. But as the bill of exceptions does not complain that it was not fairly submitted to them, we are bound to presume the court charged correctly in that re-

gard. For aught that appears, they may have charged favorably to the defendant; and if the verdict was against the charge, or against the evidence, it cannot be corrected on a writ of error.

The objection in this respect was too loose. It was that the plaintiff below had not offered any sufficient or competent evidence that the note belonged to him at the time it was lost. This merely required the judge to say whether there was any sufficient or competent evidence bearing on that question. The evidence was clearly competent. Whether it was sufficient was a question for the jury. It was proper for the judge to submit that to them, with proper instructions; and this, it is presumed, he did. So far as the competency of the evidence was concerned, the ruling was correct; and in regard to its sufficiency, the rule is, that if there is any evidence on the point, the judge trying the cause may submit it to the jury; and if he does so, his decision cannot be corrected on writ of error. If the plaintiff's evidence be such that a verdict in his favor would be set aside as against evidence, the judge has a right, and it would be his duty, to order a nonsuit. But if he refuses the motion, and fairly submits the case to the jury, it is rare indeed that their verdict can be disturbed upon a bill of exceptions, on the ground of the insufficiency of the evidence.

Judgment affirmed.