### STANDLEY and HARLIN, Administrators, &c. *vs.* JACKSON LANGLEY èt al.

On a petition by a minor in the probate court for distribution, an administrator cannot set off a claim for necessaries furnished to the minor during his minority, and while he was without a guardian.

*Green* v. *Green*, 3 S. & M. 256, and *Jones* v. *Coon*, 5 Ib. 751, cited and confirmed.

*Quære.* Can the administrator obtain relief in any other form ?

ON appeal from the probate court of Carroll county.

The facts of the case are contained in the opinion of the court.

*James Somerville*, for plaintiffs in error, cited and commented on *McGee et ux.* v. *Ford et al.*, 5 S. & M. 769; 10 Pick. 428.

*Adamas* and *Dixon*, on the same side, argued the case for appellants.

*Sheppard*, for defendants in error,

In reply, contended the court below had no jurisdiction of the case. *Jones* v. *Coon et al.*, 5 S. & M. 767.

Rubon et al. *v.* Stephan et al.

Mr. Justice YERGER delivered the opinion of the court.

The record presents the question, whether an administrator, on a petition by a minor for distribution, has a right to set off a claim for necessaries furnished to the minor during his minority, and while he was without a guardian ?

In the case of *McGee & wife* v. *Ford,* 5 S. & M. 769, the court held, that an indebtment by the distributee for goods purchased at a sale of the effects belonging to the estate, should be credited on the distributive share of such party. But that case is not like the present, and is, therefore, no precedent for the right claimed.

The cases of *Green* v. *Green et al.,* 3 S. & M. 256, and of *Jones* v. *Coon,* 5 Ib. 751, cited by appellee, directly decide, that the probate court cannot allow such claims as set-off against the distribution. The latter case, *Jones* v. *Coon,* was in almost every particular like the case before us, being a petition by distributees for an account and distribution. The administrator claimed an allowance for board and maintenance furnished them while minors, and on that point the court say : " The item for board and maintenance was not within the jurisdiction of the court as between these parties. If the relation of guardian and ward had subsisted between them, it might have fallen under its cognizance."

It may seem a hard case upon these administrators; but, governed by the rules of law and the precedents of the court, it is one from which this court cannot relieve him on this record. Whether he can obtain relief in any other manner, we do not decide.

Decree affirmed.