[Filed November 20, 1888.]

E. C. CROSS, ADMINISTRATOR DE BONIS NON WITH
WILL ANNEXED OF G. J. BASKETT, DECEASED, ET
AL., APPELLANTS, v. MARY L. BASKETT, AS AD-
MINISTRATRIX OF W. A. BASKETT, DECEASED, RE-
SPONDENT.

ADMINISTRATOR OF ADMINISTRATOR, WHEN NOT LIABLE TO ACCOUNT.—
W. A. B. was administrator with will annexed of G. J. B., deceased. He
filed his final account as such, but before he obtained an order discharging
him from his trust, he died. Mary L. B. qualified as administratrix of
W. A. B., deceased. E. C. C. qualified as administrator *de bonis non* with
will annexed of G. J. B., deceased, and then filed the petition in this case.
*Held*, that where it is not charged that any of the property or assets of
G. J. B., deceased, came into the possession or under the control of Mary
L. B., she cannot be called upon to file an account; that her trust as
administratrix of W. A. B., deceased, does not create the duty to file an
account in the estate of G. J. B., deceased.

[ON REHEARING.—FILED MARCH 12, 1889.]

DECREE APPROVING FINAL ACCOUNT OF EXECUTOR.—A decree approving the
final account of an executor or administrator is only primary evidence of
the correctness of the account as thereby settled and allowed. (1 Hill's
Code, secs. 674, 1175.) Such decree is not conclusive, but *prima facie* evi-
dence only.

APPEAL from Polk County.

*George G. Bingham* and *Warren Truitt,* for Appellant.

*Daly & Butler,* and *C. A. Johns,* for Respondent.

STRAHAN, J.— So far as is necessary to a proper under-
standing of the questions presented by this record on
this appeal, the facts are as follows: In the year 1882,
G. J. Baskett was a resident of Polk County, Oregon, and
owned property therein, and died in the state of Califor-
nia; that before his death he made and published his last
will and testament; that in and by said will, S. T. Burch
was named sole executor thereof, and that he refused to

accept said trust; that said will was duly admitted to probate in Polk County, and W. A. Baskett appointed administrator of said estate with the will annexed. It further appears that said administrator with the will annexed proceeded with the administration of said estate, and on the fourteenth day of November filed what purported to be his final account. It does not appear whether the county court of Polk County, where said proceedings were pending, made an order directing notice to be given in the manner required by section 1173 of the code, or not; nor does it appear what order or decree said court made in relation to said account, but it does appear that such administrator made some payments to the devisees under the will, the amounts of which were evidently derived from this account.

No order was ever made discharging said W. A. Baskett from his trust. On the seventeenth day of February, 1887, said W. A. Baskett died intestate in Polk County, Oregon, leaving the defendant, Mary L. Baskett, his widow, surviving him, but he left no children; that said Mary L. Baskett was duly appointed administratrix of the estate of W. A. Baskett, deceased, by the county court of Polk County, Oregon, which administration is still pending; that on the twenty-second day of August, 1887, the plaintiff E. C. Cross was duly appointed administrator *de bonis non* of the estate of said G. J. Baskett, deceased, and is now acting as such administrator; that said Mary L. Baskett has in her possession and control, as assets of the estate of her said husband, property amounting in value to $6,750, which she claims to own as his sole legal representative; that there are other and large amounts of money and other property belonging to said estate not accounted for by said W. A. Baskett as administrator aforesaid, but which was converted by him, and which said items cannot be more fully stated by your petitioners, for the reason

that the memorandum thereof is in possession of parties who will not disclose the facts concerning the same unless compelled to do so by the process of a court lawfully empowered to issue process and compel their attendance and examination. It nowhere appears that such memorandum is in the possession of the defendant, or that any of the property or assets of the estate of G. J. Baskett, deceased, ever came into her possession or under her control.

The first question presented for our consideration is, whether or not the county court of Polk County had authority to cite an administrator of an administrator's estate to file an account of the first administration, where it is not charged that any of the property of the first estate came into the possession of the second administrator.

Counsel for respondent did not appear upon the argument, nor did they file a brief; and appellant's counsel cited no authorities on the question; but it is a question of jurisdiction, and if the jurisdiction invoked does not exist, it ought not to be assumed. It must be conceded that there is no statute in this state expressly conferring such jurisdiction upon the county courts, and without a statute conferring it, I do not think its existence can be assumed. (*Bush* v. *Lindsey*, 44 Cal. 121; *Wetzler* v. *Keenan's Executor*, 52 Cal. 638; *In re Fithian*, 44 Hun, 457, note; *Ranney's Estate*, 66 How. Pr. 291; Redfield's Law and Practice of Surrogates, 100; *Schenck* v. *Schenck's Executors*, 3 N. J. L. 149.)

The only statute that I have been able to find that relates to this subject is section 1099 of the code, and is as follows: "The surviving or remaining executor or administrator, or the new administrator, as the case may be, is entitled to the exclusive administration of the estate, and for that purpose may maintain any necessary and proper action, suit, or proceeding on account thereof against the

executor or administrator ceasing to act, or against his sureties or representatives."

If the petition had alleged that property of the estate of G. J. Baskett was in the possession of the defendant, this section is broad enough in its terms to authorize the proper proceeding to compel its delivery to the plaintiff; but where the plain object of the proceeding is not to compel the delivery of particular property or assets, but simply to file an account of matters of which the defendant may have no knowledge whatever, it seems to me to be beyond the authority conferred by the statute.

Under this section the plaintiff may maintain any necessary and proper action, suit, or proceeding, but this is neither. It simply seeks an account from a person who is not shown to have any property or effects of petitioner's testator in her possession or under her control. Such an account, if filed by respondent, would not and could not disclose the true condition of the estate of G. J. Baskett, nor could it be a foundation for subsequent proceedings in said matter. To be of any legal force or effect it must emanate from a person who may be legally required to file the same, and not from a mere stranger.

The conclusion reached renders it unnecessary to consider the other questions presented on the argument.

The decree of the court below must therefore be affirmed.

### ON REHEARING.

STRAHAN, J.—Counsel for appellants have filed an elaborate petition for a rehearing, which has received a careful examination by the court. We have not deemed it necessary to pass upon the question of parties raised by the demurrer, for the reason it had no influence in reaching the conclusions already announced, nor is it important in the case. Nor did we deem it necessary to pass upon the power of the county court after the term to set aside or

vacate a final accounting made by an executor or administrator or the decree approving it, for the reason such decree is only primary evidence of the correctness of the account as thereby settled and allowed. (1 Hill's Code, sec. 1175.) And primary evidence is that which suffices for the proof of a particular fact until contradicted or overcome by other evidence. (1 Hill's Code, sec. 674.)

Under these sections of the code, a decree approving a final account is not conclusive, but *prima facie* evidence only. Besides, after an executor has settled an estate after notice to all persons interested, and especially after his ·death, the burden of proving error ought to be shifted to those who assail it.

Undoubtedly, if W. A. Baskett, at the time of his death, was indebted to the estate of G. J. Baskett, deceased, the administrator of the latter estate might present a claim against the estate of the former, and prosecute it to payment like any other claim; or he might probably, after a proper accounting in the county court, and the failure of the sureties of the deceased administrator to pay, maintain the proper action on the bond of the deceased administrator, and recover such damages as the estate he represents has sustained by reason of the alleged defaults of his predecessor. But these are matters upon which the court does not now express an opinion, further than to say that the appellant is not without remedy if W. A. Baskett failed in his duty as executor of his father's will. But on the record before us, we are satisfied with the opinion already announced, and it must be adhered to.

Let the petition for a rehearing be overruled.