[No. 1704. Decided July 23, 1895.]

BERTHA F. McLAUGHLIN, *Respondent*, v. JOHN G. BARNES, *Administrator, Appellant.*

EXECUTORS AND ADMINISTRATORS — DISTRIBUTION OF ESTATE — SET OFF BY ADMINISTRATOR AGAINST DISTRIBUTEE.

An order of distribution in the administration of an estate does not operate to relieve the administrator of his trust, and thereby create merely the relation of debtor and creditors between him and those entitled to distribution, but the court having charge of the administration has authority to compel the administrator to make the distribution without requiring the distributees to resort to another forum.

An administrator of an estate cannot withhold any portion thereof from distribution in settlement of an indebtedness due him from a *cestui que trust*, arising out of a claim to compensation for services rendered prior to his appointment as administrator; nor can the same result be obtained by a colorable assignment of the claim to a third party.

*Appeal from Superior Court, King County.*

*John G. Barnes, pro se.*

*Greene & Turner,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Appellant is administrator of the estate of Hiram C. McLaughlin, deceased. As such administrator, he presented his final account to the superior court of King county for settlement and allowance, from which account it appeared that there was chargeable to him and then in his hands as such administrator, ready to be distributed to the respondent, the sum of $1,554.56, and pursuant to his petition in that behalf, said court on the 7th day of September, 1894, made and entered a final decree of distribution. Thereafter appellant paid to respondent's order the

sum of $1,054.56, retaining and refusing upon demand to pay the balance of $500. On the *20th day of October, 1894,* respondent applied to the court for an order directing the administrator forthwith to turn over said balance. A copy of said application and the affidavit upon which it was based, was, on the same day, served upon appellant, and came on for hearing before. the court on the 26th day of October, 1894, at which time the appellant submitted his affidavit, which set forth as a reason for withholding and refusing to pay over said balance:

"That the said Bertha F. McLaughlin was indebted to [appellant] in said sum of $500, for and on account of legal services performed by [appellant] for said Bertha McLaughlin at her request, as her attorney and counselor, which services were performed by [appellant] for said Bertha F. McLaughlin *independent of his administration of said estate and before he was appointed administrator or became administrator thereof;* that on the *24th of October, 1894,* he duly assigned, transferred and set over to one E. B. Palmer, his claim against said Bertha McLaughlin for said sum of $500 for services as aforesaid; that on the 25th day of October, 1894, the said sum of $500 in his hands as aforesaid, was duly and regularly, lawfully levied upon and attached by the sheriff of King county, State of Washington, in a suit at law upon said assigned claim in the superior court of the State of Washington, for King county, wherein the said Palmer is plaintiff and the said Bertha F. McLaughlin is defendant."

Findings of fact were duly made by the court, and an order entered directing the appellant to pay said sum of $500 to the respondent within ten days from the date thereof. This appeal is from said order.

The first contention of the appellant is, that the decree of distribution of date September 7, 1894, changed the liability of the administrator to the distributee

from "an official to a personal one;" that after the entry of the decree of distribution the relationship existing between the administrator and the respondent as to the money and property distributed, was that of debtor and creditor, and that respondent had a right to bring her action to recover from the administrator, the property distributed to her, and against such a demand, the administrator might set off the debt due him from respondent.

Conceding the right of respondent as distributee, to maintain an action of the character suggested by appellant, it was not, we think, the only remedy which the law afforded her. A decree of distribution has, "in most respects, all the efficacy of a judgment at law," and can be enforced by proceedings for contempt. *Melone v. Davis*, 67 Cal. 279 (7 Pac. 703); *Wheeler v. Bolton*, 54 Cal. 302. The decree of distribution did not operate to relieve the appellant of his trust, nor could his final discharge be effected while the duty remained undischarged, of turning over as administrator the funds in his hands for distribution; and the court having jurisdiction of the administration of said estate, has ample authority to compel the discharge of said duty without requiring the distributee to resort to another forum.

It is next contended that the assignment by appellant of his claim against respondent, was perfectly legal and proper; that, as to that claim, "no relationship whatsoever existed between respondent and appellant, excepting that of an attorney who had performed services, and a client who seeks to avoid payment therefor."

As has been noticed, appellant's claim to compensation is for services rendered *prior* to his appointment as

administrator. An administrator cannot be permitted to juggle with funds belonging to a distributee, nor avail himself of his trust relationship to secure a personal advantage in the collection of a claim against his *cestui que trust.* And what the law, from considerations of public policy, will not permit him to do by direct means, cannot be accomplished by indirection through the medium of an assignee under an assignment, which, we think, is properly characterized by respondent's counsel as "merely colorable and made to forestall an order to pay over the moneys withheld."

In presenting his account as administrator to the court for settlement, he made no claim or reference to the private controversy existing between himself and the respondent, probably for the very obvious reason that it in nowise concerned the administration of the estate and was a matter which could not be adjudicated by a court of probate. *Hancock v. Hubbard,* 19 Pick. 167; *Procter v. Newhall,* 17 Mass. 80. It would be productive of infinite confusion and disaster to permit the settlement of estates to be hampered and delayed, pending the determination of such extraneous matters.

Whether funds which have been ordered distributed but are still in the possession of an administrator can be garnished, is a question not necessary for decision in the present case.

The judgment will be affirmed.

ANDERS and DUNBAR, JJ., concur.

HOYT, C. J. (*dissenting*).—If the funds in the hands of the administrator were subject to garnishment (as to which I express no opinion) the proceedings set up in the affidavit were in my opinion sufficient to justify the administrator in refusing to pay over the money

sought to be garnished until the regularity of the garnishee proceedings had been determined in the action in which they were instituted.

SCOTT, J., concurs in the dissenting opinion.