Decided at PENDLETON, July 18, 1896.

## DRAY *v.* BLOCH.
[45 Pac. 772.]

1. FINAL ACCOUNT OF EXECUTOR—NOTICE TO DISTRIBUTE—JURISDICTION
—CODE, §§ 1173, 1181.—After an order has been made passing on
the final account of an executor or an administrator the court has
no power to allow or consider a further or supplemental report
without giving notice to all parties interested and allowing them
an opportunity to be heard, in view of the requirements of sections
1173 and 1181 of Hill's Code.

2. PROBATE PRACTICE—SET-OFF AGAINST CLAIM OF DISTRIBUTEE.—A pro-
bate court, in proceedings to settle an administrator's account, has
no jurisdiction to pass on the right of the administrator to set off
a personal debt to him against the claim of a distributee.

3. JURISDICTION OF COUNTY COURT IN SETTLING FINAL ACCOUNT.—In pro-
ceedings to settle the accounts of an administrator, a probate court
has jurisdiction to determine the right of the administrator, as such,
to set-off against the claim of a distributee the amount of costs
which accrued in favor of the estate in suits brought by such dis-
tributee, as such a claim would be a debt due the estate.

From Union: MORTON D. CLIFFORD, Judge.

This appeal is prosecuted by Henry Dray, an
heir of A. Dray, deceased, and a creditor of his
estate. M. S. Bloch, as administrator of the estate,
filed his final account in the County Court of
Union County on the sixth day of September,
eighteen hundred and ninety-two. To this account
objections were filed by the appellant, and one D.
Marks, also a creditor. Upon a hearing, the court,
on February eighteenth, eighteen hundred and
ninety-three, after charging the administrator with
some small items omitted, approved and settled the
account. It was found that the administrator had
in his hands, subject to payment of claims and
distribution—

| | |
|---|---|
| Cash _____ | $ 1,657 45 |
| Judgment against J. W. Dray_____ | 1,586 41 |
| Total _____ | $ 3,243 86 |

The claim of Henry Dray, and the fees of the administrator and clerk, aggregating one thousand and seventy-five dollars and one cent, were allowed by the court, leaving two thousand one hundred and sixty-eight dollars and eighty-five cents for distribution among the heirs, viz: Henry Dray, this appellant, seven hundred and twenty-two dollars and ninety-five cents, and S. A. and J. W. Dray each a like amount. It was also decreed that upon filing receipts showing payments of these several amounts, or, in case he should be unable to file them within thirty days, that the administrator deposit such amount as remained in his hands with the county clerk, and that he be thereupon discharged. The objectors appealed from this decree to the circuit court, and it being there affirmed, appealed to this court, which affirmed the decree of the circuit court. See *Dray* v. *Bloch*, 27 Or. 549 (41 Pac. 660). On September twenty-fourth, eighteen hundred and ninety-four, and after the circuit court had affirmed the decree, but before the appeal had been taken to this court, the administrator filed in the county court what he terms a "supplemental account to his final account," which was approved in its entirety October second, eighteen hundred and ninety-four. From this order Henry Dray appealed to the circuit court, which affirmed the order, and he now prosecutes his appeal to this court.

The "supplemental account" shows, in effect, that since filing the final account the appellant and Dan Marks, by their objections thereto, put the administrator to great extra expense, by reason of having to employ counsel to defend him in the circuit and supreme courts, and to pay the fees of officers, etc. He then attempts to show, in effect, that Henry Dray's interest in the estate, consisting of his said claim and distributive share of the residue, is subject to certain set-offs. The first consists of certain debts which it is alleged that Dray owed M. S. Bloch in his individual capacity, and which he agreed that Bloch might retain out of what was coming to him . from the estate. The remaining items consist of attorney's fees and costs incurred in the county and circuit courts. These latter items, it is claimed, should be charged up to Dray's distributive share, as it was his acts that caused the administrator to incur the expense. The administrator, by the supplemental account, charges himself with the same amount that he is charged with by the decree of the court on the final settlement, but claims credit for the following additional items:

| | |
|---|---:|
| City tax, La Grande, October 17, 1892 _____ $ | 13 65 |
| Clerk's fees, A. T. Neill _____ | 21 35 |
| Expense allowed since filing final account __ | 105 00 |
| Goods turned over to court _____ | 12 60 |
| Sheriff's fees on citation _____ | 20 15 |
| And also claims credit for claim of Henry Dray _____ | 672 75 |

Interest from October 6, 1891_____     73  25
    Leaving balance, cash on hand for dis-
       tribution_____$ 410  00
    In the same supplemental account he states an
account with Henry Dray as follows:—
To Henry Dray, one third of $410_____$  136  66
Claim of Henry Dray, principal_____  672  75
Interest from October 6, 1891_____   73  25
    Total_____$ 882  61
    "Subject to set-off as follows":—
By amount of note of M. S. Bloch_____$ 232  45
Interest on same_____   25  56
Amount, account, M. S. Bloch_____   30  00
Amount of expense incurred on trial of ob-
      jectors' final account:—
Attorney's fees, county court_____  100  00
Attorney's fees, circuit court_____  100  00
Referee's fees, J. W. Knowles_____   25  00
Costs in circuit court_____   21  12
    Total _____$ 534  13

      Balance due Dray_____$ 348  48

    This balance, together with the distributive shares
of A. C. and J. W. Dray, the order of the court di-
rects shall be paid to the clerk, and that thereupon
the administrator be discharged.          REVERSED.

    For appellant there was a brief by *Messrs. J. H.
Slater and Sons,* with an oral argument by *Mr. J.
D. Slater.*

For respondent there was an oral argument by Mr. J. F. Baker.

Opinion by MR. JUSTICE WOLVERTON.

1. Two propositions are insisted on by appellant. The first is that the county court was without jurisdiction to approve the "supplemental account," by reason of having proceeded without notice to the creditors and heirs of the estate; and the second that the court was without power to adjudicate touching matters of personal and private concern between M. S. Bloch, individually, and Henry Dray. In *Cross* v. *Baskett*, 17 Or. 84 (21 Pac. 47,) it was held that "a decree approving a final account is not conclusive, but *prima facie* evidence only. Besides, after an executor has settled an estate after notice to all persons interested, * * * the burden of proving error ought to be shifted to those who assail it." The statute provides, Hill's Code, § 1173, that "Upon the filing of the final account, the court or judge thereof shall make an order directing notice thereof to be given in the same manner as the notice of an appointment of an executor or administrator, and appoint a day at some term subsequent thereto for the hearing of objections to such final account, and the settlement thereof," and section 1181 provides: "Before the time appointed for the hearing and settlement of a final account, the executor or administrator shall file with the clerk a copy of the notice thereof, with the proper proof of its publication as

directed." It is apparent that before a final account can be heard, adjusted, and settled, so as to be of binding force upon the creditors, heirs, and legatees, these statutes must be observed, and unless they are the court is without competent authority to make a decree allowing or disallowing the account.

But after the term during which the decree is entered approving and settling the account the court is without jurisdiction to change or modify it: *Harvey's Heirs* v. *Wait*, 10 Or. 117. It being a statutory prerequisite that a valid final decree should be preceded by an order fixing a day of hearing, notice and proof thereof, although it is said that the decree is *prima facie* evidence only of the correctness of the account as thereby settled and allowed, (*Cross* v. *Baskett*, 17 Or. 84, 21 Pac. 47,) yet it would work an absolute abrogation of these statutory formalities if it were permissible after the term at which the decree was entered to file a "supplementary account," which is in itself a radical modification of the final account, and for the court, upon an *ex parte* showing of the kind, and without the slightest observance of any such statutory regulations, to pass and enter a decree approving and settling the same, which must needs take the place of the regular final decree. It was surely not intended by the legislature that these minute statutory directions should be thus obviated, and we know of no rule of practice by which they may be disregarded. They are by no means a dead letter, and ought not to be shorn of vitality

by methods of indirection. If it is at all permissible for the county court after the term to set aside, vacate, or modify its decree settling a final account, (as touching which we pass no opinion,) it certainly could not be done without a hearing, and some sufficient prior notice thereof to the parties interested, so that they may have their day in court. The appellant having had no notice of the filing of the "supplemental account," nor of the hearing touching it, the court was for this reason, if for no other, without competent authority to pass the account or enter the decree.

2. The second proposition must also be resolved in favor of appellant. The county court, sitting in probate, is not competent to try issues which may arise out of differences existing between the administrator and the heirs or claimants in their individual capacities. The settlement of estates of deceased persons can in no way be effected by such differences, and hence it is not within the province of a probate court to take cognizance of them. They should be determined in the courts specially constituted and competent to adjudicate concerning them. So it is that the administrator cannot claim an offset of a debt due him against a creditor or distributee of the estate: *Bradshaw's Appeal*, 3 Grant's Cas. (Pa.), 109; *Standley* v. *Langley*, 25 Miss. 252; *Gardner* v. *Gillihan*, 20 Or. 601 (27 Pac. 220); *McLaughlin* v. *Barnes*, 12 Wash. 373 (41 Pac. 62.) These authorities are conclusive of Bloch's claim to offset his individual account with Henry Dray, against

Dray's claim or distributive share of the residue. The attorneys' and referee's fees and costs in the circuit court charged against Henry Dray individually would appear, if valid claims, to be more properly chargeable against the estate. It is certainly not shown how Henry Dray has incurred these liabilities individually, either to the estate or to M. S. Bloch.

3.. But an executor or administrator may retain the whole or a part of a legacy or distributive share in discharge or satisfaction of a debt due from the legatee or distributee to the estate: *Smith* v. *Kearney*, 2 Barb. 547; *Springer's Appeal*, 29 Pa. St. 208; *Tinkham* v. *Smith*, 56 Vt. 187. So that if the referee's fees, or the expenses denominated " costs ' in circuit court," are a part of the costs adjudged against Henry Dray and in favor of the estate on the former appeal, they might very properly be set off by the administrator against Henry Dray's distributive share of the estate and probably against his claim. The decree of the court below will be reversed, and the " supplemental account " disallowed.                                         REVERSED.

Decided at PENDLETON, July 18, 1896.