[No. 13472. Department One. November 13, 1916.]

*In the Matter of the Estate of* SARAH J. BROWN.[1]

EXECUTORS AND ADMINISTRATORS—CONTEST OF WILL—COSTS—RES JUDICATA. Where, on the contest of a will, the court, on application, refused to tax the costs of the appeal to the losing party, the judgment is conclusive of the matter, and the executrix cannot retry the matter on final accounting by asking that the costs be offset against the losing party's share of the estate.

Appeal from an order of the superior court for Spokane county, Blake, J., entered February 26, 1916, refusing to tax costs against the contestees of a will, upon approving the final account of an administratrix, after a hearing before the court. Affirmed.

*Hamblen & Gilbert*, for appellant.

*W. D. Scott*, for respondent.

FULLERTON, J.—On June 30, 1912, the respondents, by their guardian *ad litem*, instituted proceedings in the superior court of Spokane county to contest the will of Sarah J. Brown, deceased. The lower court sustained the validity of the will, and on appeal to this court, the judgment was affirmed. *In re Brown's Estate*, 83 Wash. 528, 145 Pac. 591. In the final judgment entered in the contest proceedings, the trial court refused to tax the fees and expenses of the appeal to the losing party. There was no cross-appeal on the part

[1]Reported in 160 Pac. 945.

of the defendants in the proceedings, and the question was not touched upon in the opinion of this court.

There were two persons named as executrices of the will. At the conclusion of the contest proceedings, one of the executrices filed a final account with the estate. In this account she sought to charge the contestants with the fees and expenses of the contest proceedings and to have the amount thereof set off against the share of the estate to which the contestants were entitled by the terms of the will. The trial court refused to charge the contestants with the fees and expenses, or to allow the offset. This is an appeal from the order of the court expressing its ruling.

It is our opinion that the court ruled correctly. Had a judgment been entered in the contest proceedings for costs in favor of the estate and against the contestants, undoubtedly the executrix could have set off the judgment against any distributive share of the estate awarded to the contestants. *Dray v. Bloch*, 29 Ore. 347, 45 Pac. 772. But no such judgment was entered therein. On the contrary, the court refused to assess the costs on application being made to it for that purpose. This was conclusive of the matter. The proper place to try out the question was in that proceeding, and since it was tried out there, and adjudicated against the estate, the executrix cannot have a retrial of the issue on the settlement of the final account.

The judgment is affirmed.

Morris, C. J., Mount, Main, and Chadwick, JJ., concur.