[No. 21948. *En Banc*. September 9, 1929.]

*In the Matter of the Estate of* HARRIS B. PECK, *Deceased.*[1]

R. V. Welts, for respondent.

PARKER, J.—This is a will contest. The contesting petitioner, an heir at law of Harris B. Peck, the deceased testator, has appealed to this court from a judgment in the superior court for Skagit county, denying her petition to have the will set aside upon the ground of mental incapacity of the testator to make a will at the time he signed the will in question, and undue influence inducing him to make the will. Our problem is as to whether or not the trial court erred in sustaining the demurrer to appellant's petition interposed upon

[1] Reported in 280 Pac. 87.

the ground, among others, that the petition was not filed within the time limited by law.

The controlling facts, so far as need be here noticed, are as follows: On March 24, 1928, Harris B. Peck died in Skagit county in this state, being then a resident of that county, and leaving property therein. He had, some time theretofore, executed his last will and testament. On March 30, 1928, this will was duly proven and admitted to probate in the superior court for that county, as evidenced by an order of that court duly entered on that day. On January 9, 1929, appellant filed in that court her petition contesting the validity of the will, upon grounds as above stated. Thus it becomes plain that more than nine months elapsed following the entry of the order admitting the will to probate, prior to the filing of appellant's petition contesting the validity of the will.

In Rem. Comp. Stat., § 1385, prescribing the manner and time of commencing will contests, we read:

"If any person interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will.

"If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final as to all the world: *Provided,* . . . [Here follow exceptions in favor of persons under disability with which we are not here concerned]."

This has been our law since territorial days, except that prior to 1917 the limitation was one year.

The prior one year limitation was given full force and effect by our decisions rendered prior to 1917; *Horton v. Barto,* 57 Wash. 477, 107 Pac. 191; *State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494; *In re Hoscheid's Estate,* 78 Wash. 309, 139 Pac. 61. By the rule of these decisions, we must also give full force and effect to the present six months' limitation. Plainly, appellant's contest was not initiated within the six months' limitation period prescribed by the statute, as reenacted in 1917 and found in Rem. Comp. Stat., § 1385, above quoted.

The judgment is affirmed.

BEALS, MAIN, FRENCH, TOLMAN, MILLARD, FULLERTON, and HOLCOMB, JJ., concur.