[No. 22763. Department One. March 30, 1931.]

*In the Matter of the Estate of* MARY Y. DYER, *Deceased.*

JAMES EUGENE DYER, *Appellant,* v. JOHN W. ROBERTS, *Respondent and Cross-Appellant.*[1]

*Kahin & Carmody* and *Orlo B. Kellogg,* for appellant.

*Roberts, Skeel & Holman,* for respondent and cross-appellant.

MITCHELL, J.—Mary Y. Dyer died leaving a will, which was duly admitted to probate. John W. Roberts was appointed by the court, qualified, and is acting, as administrator with the will annexed. In the course of the administration, he filed a final account and petition for distribution, and, on the day fixed for the

[1]Reported in 297 Pac. 196.

hearing, of which statutory notice was given, the court made and entered an order approving the final account and decreeing distribution of the property.

Within a reasonable time thereafter, James Eugene Dyer, a son of the testatrix and a beneficiary under her will, filed in the probate cause a petition, which was later amended, to compel the administrator to make an additional inventory, and administer upon certain two hundred shares of the capital stock of the Puget Sound Bridge & Dredging Company, a corporation, as he, the petitioner, had requested and demanded of the administrator at a time prior to the filing of the final account and petition for decree of distribution. The petitioner also sought to have the order approving the final account and decreeing distribution, theretofore made, vacated, and later, before the trial of the present controversy, the petitioner filed a motion on statutory grounds to vacate the decree of distribution.

By the answer of the administrator with the will annexed, it was admitted that the two hundred shares of stock referred to had not been inventoried nor administered upon, certain allegations of the petition were denied, and then affirmatively it was alleged that the petitioner was estopped, by certain specified conduct set out in the answer, from questioning the inventory that had been filed, and further, that the order approving the final account and decreeing distribution constituted a bar to the present proceeding on behalf of the petitioner.

Upon the trial, the court decided that the two hundred shares of stock in controversy had not been mentioned in the prior proceedings, and that the decree of distribution did not, and does not, purport to deal with them; that, prior to the filing of the final account,

the present petitioner informed the administrator that the two hundred shares of stock should be inventoried, to which the administrator replied that he would not do so; that, thereafter, and during the absence of the petitioner from the state, the final account and petition for distribution were heard and disposed of, it appearing that there was, without fault, a misunderstanding on his part as to what, if any, proceedings would be had in the estate during his absence, and that he had no actual notice of the hearing; and the court further decided that there was no controversy between the parties over the distribution of any of the property mentioned in the decree of distribution. The trial court was also of the opinion that the petitioner was not estopped from maintaining these proceedings. These findings, we think, were sustained by a preponderance of the evidence.

The court's written conclusion was followed by a judgment that was entered, to the same effect, that the motion and petition to vacate the decree of distribution

". . . be and it is hereby denied for the reason that the said decree of distribution does not attempt in any manner to dispose of the title of the two hundred shares of stock in the controversy between the parties, and

"It Is Further Adjudged that sufficient cause exists for the vacation of said decree if it should be construed to affect the title or status of the said two hundred shares of stock."

Both parties have appealed.

There was no need to vacate the decree of distribution, because, as stated in the present judgment, the decree of distribution in no manner attempted to dispose of the two hundred shares of stock in controversy. ■ Contending that a final decree of distribution

in a probate cause, after giving the required statutory notice of hearing, is final and conclusive, the administrator cites *Krohn v. Hirsch,* 81 Wash. 222, .142 Pac. 647, *Meeker v. Waddle,* 83 Wash. 628, 145 Pac. 967, and *Coleman v. Crawford,* 140 Wash. 117, 248 Pac. 386. Those cases do so hold under the facts in the cases, in each of which the property in question had been already brought into the proceedings and was referred to in the decree of distribution. In the present case, however, the administrator admits that purposely the stock in question had not been brought into the probate proceedings, and that it is not referred to in the decree. The decree, under such circumstances, is not conclusive. 24 C. J. 1029, § 2484. .

The trial court, however, did not in this case decide the issue as to whether or not the stock should be inventoried and administered. The petitioner James Eugene Dyer is entitled to have that question disposed of on its merits. It was the main purpose for commencing the present proceeding. There is some argument in the briefs, and some suggestion was made by the trial court to the same effect, that, while the decree of distribution was not *res judicata* as to the stock, nevertheless, it was now too late to inject that matter into this administration, but that an administrator *de bonis non* would be required.

With this we do not agree. This administration is not closed. The administrator has not been discharged. So far as power of the court in that respect is concerned, there is as much now for taking charge of additional assets as there was at the time the formal inventory was filed, or at any time since the administrator qualified. Notwithstanding the order approving the final account, and decreeing distribution of property mentioned and described in the inventory and

decree, the administrator has not yet filed any receipts from the beneficiaries or distributees under the will, nor has he been discharged. Rem. Comp. Stat., § 1533, among other things, provides:

"Upon the production of receipts from the beneficiaries or distributees for their portions of the estate, the court shall, if satisfied with the correctness thereof, adjudge the estate closed and discharge the executor or administrator."

To the same effect, "the approval of such final account does not determine the administration," *Hazelton v. Bogardus,* 8 Wash. 102, 35 Pac. 602. "The decree of distribution did not operate to relieve the appellant of his trust," etc. *McLaughlin v. Barnes,* 12 Wash. 373, 41 Pac. 62. See, also, *State ex rel. Reser v. Superior Court,* 13 Wash. 25, 42 Pac. 630.

It appears from the record that much of the evidence admitted was for a limited purpose under the directions of the court, and that the court, in consideration of the supposed complicated situation, declined to go more fully into the question of the ownership of the two hundred shares of stock. Therefore, upon further hearing of this cause in the trial court, each side will be permitted to go fully into that question. It further appears that, prior to the trial herein, Robert L. Dyer, jointly interested under the will with James Eugene Dyer in the stock in question, if the stock belonged to their mother at the time of her death, had transferred all of his interest in and to the stock. That fact, however, in no way prevents James Eugene Dyer from waging suit on account of his alleged individual rights.

The cause is remanded with directions to the trial court to try out the issue as to the ownership of the two hundred shares of stock for the purpose of protecting the interest, if any, of James Eugene Dyer in

that stock as beneficiary and legatee under his mother's will. In all other respects the judgment is affirmed. James Eugene Dyer will recover his costs of appeal.

TOLMAN, C. J., PARKER, and MAIN, JJ., concur.