THE NELDEN-JUDSON DRUG COMPANY, a Corporation, IDA C. FEHRINGER and FRED P. WILSON, Appellants, v. THE COMMERCIAL NATIONAL BANK OF OGDEN, a Corporation, and R. T. HUME, as Administrator of the Estate of SHIRLEY P. ASH, Deceased, Respondents.

No. 1462.   (74 Pac. 195.)

1.  Fraudulent Conveyance: Chattel Mortgage: Pleading: Statute of Limitations.
    Under Revised Statutes 1898, section 2992, providing that the statute of limitations may be pleaded by stating generally that the cause is barred by section (giving the number of the section in the Code relied on, and of the subdivision, if it is divided), a demurrer on the ground that the cause of action is barred by the statute of limitations, which does not state the section of the Code relied on, is insufficient.[1]

2.  Same: Mortgage Held Void as in Fraud of Creditors.
    Where a mortgage is given on a stock of goods in a drugstore, the mortgagor to remain in possession, sell the goods in the usual course of business, and turn over the proceeds, less the expense of making the sales, to the mortgagee, but the mortgagor retains such proceeds with consent of the mortgagee, and the mortgage is executed with the understanding that it shall not be paid when due, but be renewed from time to time to protect the mortgagor against other creditors by an apparent lien, such mortgage is void, as in fraud of creditors.[2]

---

[1] Spanish Fork City v. Hopper, 7 Utah 235, 26 Pac. 293; Fullerton v. Bailey, 17 Utah 85, 53 Pac. 1020; Thomas v. Glendinning, 13 Utah 47, 44 Pac. 652.
[2] McKibbon v. Brigham, 18 Utah 78, 55 Pac. 66.

3. Appeal: Questions Considered: Demurrer.
   A ground of demurrer which is disregarded by the trial court
   and is not discussed in the briefs of counsel will not be
   considered on appeal.

(Decided November 16, 1903).

Appeal from the Second District Court, Weber County.
—*Hon. H. H. Rolapp*, Judge.

Action to have decreed fraudulent and void a certain chattel mortgage executed to the defendant bank by Shirley P. Ash, since deceased, on certain goods, wares and merchandise. From a judgment sustaining defendants' demurrer to the complaint, the plaintiffs appealed.

REVERSED.

*T. D. Johnson, Esq.*, and *Messrs. Stephens & Smith* for appellants.

*A. R. Haywood, Esq.*, for respondent bank.

*H. H. Henderson, Esq.*, for respondent Hume.

BARTCH, J.—This action was brought to have decreed fraudulent, null, and void a certain chattel mortgage executed to the defendant bank by Shirley P. Ash, since deceased, on certain goods, wares, and merchandise including the stock in trade of the drugstore of the mortgagor, and fixtures, furniture, etc., and to have it adjudged that the bank has no preferred lien or claim over other creditors because of the mortgage. It was alleged in the complaint, substantially, that Shirley P. Ash, the mortgagor, died intestate in the city of Ogden on April 8, 1899, and that letters of administration upon the estate were issued to the defendant Hume on April 28, 1899. Shortly thereafter three claims, aggregating about $11,000, were presented to the administrator, and by him and the court approved and allowed. One of these claims—being about $1,000 was that of the Nelden-Judson Drug Company, for goods and wares sold by it to the deceased between November, 1898, and the date of his death; another, held by Ida C. Fehringer,

for about $8,000, consisting of two promissory notes executed by the deceased on January 2, 1899; and the third was that of Fred P. Wilson, which had been assigned to him by Gilbert F. Boreman, administrator of the Mercer estate. This claim consisted of a deficiency judgment of about $2,500, rendered against the deceased in September, 1895. The defendant bank had a claim of about $6,000 against the deceased, which was presented to and was approved by the administrator and the court. This indebtedness to the bank was secured by the chattel mortgage in controversy. The mortgage was executed originally about February 28, 1896, for $8,500, and was thereafter, on March 1, 1897, renewed for the sum of $7,500 of the original indebtedness. A similar mortgage, which was, in effect, a renewal of the former one, was executed on February 28, 1898, in the sum of $6,000, and this was renewed by affidavit of the cashier of the defendant bank on February 24, 1899, and is the one set out in the complaint. It further appears that the several mortgages were all given to secure the same indebtedness, or portions thereof, upon the same stock of goods, furniture, and fixtures, except in so far as such goods had been changed from time to time by sales thereof and additions thereto.

It still further appears from the complaint that by the terms of the mortgage the mortgagor was permitted to remain in possession of the mortgaged property, and to sell the stock in trade in the usual course of business as the agent of the mortgagee, and apply the proceeds of such sales, less expenses, in payment of the secured debt; that no such application of the proceeds of such sales was made by the mortgagor; that, instead of such application, such proceeds were used by the mortgagor for his own benefit in payment of his private expenses, etc.; that he deposited such proceeds to his own credit in a bank, and treated them at all times as his private property, and expended the same as he saw fit; that in the conduct of the business he in no wise acted as the agent of the mortgagee, and at no time accounted to the mort-

gagee for any proceeds of sales; that the defendant bank with full knowledge and consent, permitted all these things to be done by the mortgagor; that the bank accepted the mortgage set out in the complaint, and those of which it was a renewal, for the purpose of hindering and delaying the other creditors of the mortgagor in the collection of their claims; that it was not the intention or purpose of the bank to collect the notes secured by the mortgage, nor the intention of the mortgagor to pay the same when due; that it was understood between the mortgagor and the bank that the latter's indebtedness should not be paid when due, but that the mortgage should be renewed from time to time, so that thereby the bank would be protected by its apparent lien against the claims of other creditors, and the mortgagor should be protected and permitted to continue in business without paying unsecured creditors; that the mortgage is void upon its face, because it is given upon a changing stock of goods, and upon goods of which the mortgagor was not the owner at the time of the execution of the instrument; that the mortgagor had no other property than that covered by the mortgage, and was insolvent; and that, if the mortgage should be held valid and be enforced, no other creditor would receive payment of any part of his claim. It is further alleged that the plaintiffs have requested the administrator to commence and prosecute this action to set aside the mortgage; that they have offered to pay the costs and expenses of the suit, and to give security for so doing; that he refused to bring the action; that thereupon they petitioned the court to remove the administrator and appoint some other proper person who would bring this action; that the court denied the petition; and that the plaintiffs brought this action in behalf of themselves and all other creditors of the deceased similarly situated.

To the complaint the defendants interposed a demurrer on three grounds, as follows: (1) That the cause of action is barred by the statute of limitations; (2) that the complaint does not state facts sufficient to

constitute a cause of action; and (3) that there has been another action between the same parties for the same cause, which has gone to final judgment upon the merits. This demurrer was sustained as to the first and second grounds, and the court decreed "that plaintiffs take nothing by their complaint, and that defendants have judgment" for costs.

The case having been decided upon demurrer, we must assume for the purposes of this decision, that the facts alleged in the complaint are true. As to the first ground of the demurrer, the appellants contend that the statute of limitations was not sufficiently pleaded, and we are of the opinion that this contention is sound. The manner of pleading that statute is set forth in section 2992, Rev. St. 1898, which reads: "In pleading the statute of limitations, it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section (giving the number of the section in the Code of Civil Procedure relied upon and of the subdivision thereof, of it is so divided); and if such allegation be controverted, the party pleading must establish, on the trial, the facts showing that the cause of action is so barred." It is manifest that the plea contained in the demurrer does not comply with these statutory requisites, and is not good. This section of the Revised Statutes is the same as section 3244, Comp. Laws 1888, which was construed in Spanish Fork City v. Hopper, 7 Utah 235, 238, 26 Pac. 293, where the statute of limitations was pleaded in the same manner, by answer, as in the demurrer herein. This court there said: "The statute of limitations was not pleaded. The answer simply says that the action is barred by the statute of limitations. This is clearly an insufficient plea, and raises no issue in the case. The answer should have stated and pleaded the section of the Code of Civil Procedure relied upon, or should have stated the facts stating the defense." We held likewise, as to such plea, in Fullerton v. Bailey, 17 Utah 85, 53 Pac. 1020, and

have no disposition to depart from the construction given in those cases. See, also, Thomas v. Glendinning, 13 Utah 47, 44 Pac. 652.

The second and main question presented is whether the complaint states facts sufficient to constitute a cause of action. To answer this question it becomes necessary to determine whether the facts alleged, taken as true, show the chattel mortgage in controversy void, and the plaintiffs entitled to recover. By reference to the covenants of the mortgage as set out in the complaint, it will be noticed that the mortgagee was not put in possession of the goods and chattels mortgaged. According to the terms of the instrument, the mortgagor was to remain in possession, and was permitted to sell the stock of goods in the usual course of business, and to replenish the same. He was to act as agent of the mortgagee, and apply the proceeds of sales, less the expenses of making them, in payment of the debt secured by the mortgage. While the mortgagor was thus under the terms of the mortgage, to retain possession of the goods, and sell them in due course of trade, as agent for the mortgagee in liquidation of the mortgage debt, from the allegations of the complaint above referred to it appears that the liquidation of the debt in good faith was not the moving consideration of the parties. It is alleged, as will be observed, that no application of the proceeds of sales to the payment of the debt was made, but that the mortgagor deposited such proceeds to his own credit, treated them as his private property, and used them for his own private purposes, in no wise acting as the agent of the mortgagee. It also appears that all this was known to the mortgagee, and that neither the mortgagee nor the mortgagor intended that the debt should be paid during the term of the mortgage, which, according to the alleged understanding between the parties, was to be renewed from time to time for the purpose of protecting the mortgagee against other creditors by an apparent lien and to enable the mortgagor, who

was insolvent, to continue business without paying his unsecured creditors.

Without further reference in detail, the facts hereinbefore stated are clearly of such a character that, if proven, they will show that the mortgage was given and accepted with the fraudulent intent to hinder and delay the unsecured creditors of the mortgagor.  Such a mortgage, executed for such purposes, is simply a shield and protection to the mortgagor.  It operates as a fraud upon his creditors, is without the pale of the statute (section 150, Rev. St. 1898), and is null and void.  While an agreement, expressed upon the face of a chattel mortgage, that the mortgagor may remain in possession of the goods, and sell the same in payment of the debt, does not, under our statute, *per se* render the mortgage fraudulent and void, still, if a given state of facts aliunde show conduct of the parties and results quite inconsistent with fairness and honesty as to other creditors of the mortgagor, the mortgage will be held to be fraudulent in fact and void.  Under a state of facts much like those alleged in this case, this court in McKibbon v. Brigham, 18 Utah 78, 55 Pac. 66, held the mortgage in question therein void.  The rule clearly applied as to any claim which was in existence at the time of the execution of the mortgage, even though it may not apply, or not with the same strictness, as to a claim where the claimant had notice of the existence of the mortgage at the time when he chose to become a creditor.  In Ford v. Williams, 24 N. Y. 359, where such a mortgage was under consideration, Mr. Justice Denio, speaking for the court, said: ''An agreement that the mortgagor may dispose of the goods for cash and bring the money to the mortgagee, the latter holding the title until such disposition shall be made, may, as has been said, possibly be sincere, and without fraud.  The law does not, therefore, condemn it absolutely, but submits the question of good faith to the jury.''  Cobbey on Chattel Mortgages, secs. 310, 311; Jones on Chattel

Mortgages, sec. 425; 5 Am. and Eng. Ency. Law (2 Ed.), 992; Simmons v. Jenkins, 76 Ill. 479; Robinson v. Elliott, 22 Wall. 513, 22 L. Ed. 758; Lyon v. Council Bluffs Sav. Bank (C. C.), 29 Fed. 566; Jaffray & Co. v. Greenbaum, 64 Iowa 492, 20 N. W. 775; Greenbaum v. Wheeler, 90 Ill. 296; Russell v. Winne, 37 N. Y. 591, 37 Am. Dec. 755; Place v. Langworthy, 13 Wis. 629, 80 Am. Dec. 758. We are of the opinion that the facts alleged in the complaint are sufficient, if proven, to warrant a holding that the chattel mortgage in question is void. The demurrer ought to have been overruled as to both the first and second grounds. Since the third ground was disregarded by the trial court, and was not discussed in the briefs of counsel, it will not be considered here.

The judgment must be reversed, with costs, and the cause remanded, with directions to the lower court to overrule the demurrer, and proceed according to law. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.