## In re RALEIGH'S ESTATE.

Decided Sept. 17, 1915.   On Petition for Rehearing, June 30, 1916.
(158 Pac. 705.)

1.  EXECUTORS  AND  ADMINISTRATORS—ACCOUNTING—INTERMEDIATE
    ACCOUNT—CONCLUSIVENESS.   Under Comp. Laws 1907, Section
    3941, 3942, 3946, 4048, providing for accounting by executors,
    notice of settlement of accounts, conclusiveness of settlement of
    accounts and correction of mistakes in settlement at any time
    before final settlement, an allowance of an executor's account
    before final settlement can be assailed only in equity, and upon
    the same grounds as other judgments, and such interlocutory
    accounting cannot be assailed upon final settlement. (Page 137.)

2.  EXECUTORS  AND  ADMINISTRATORS—FINAL  ACCOUNTING—OBJEC-
    TIONS TO INTERMEDIATE ACCOUNTING—SUFFICIENCY.   Objections
    to settlement of an executor's account for fraud or mistake,
    merely referring to some items of the final account, are in-
    sufficient to assail intermediate accounts approved by court,
    but the attack must be made as in other cases where a judg-
    ment is assailed.  (Page 137.)

3.  STATUTES—CONSTRUCTION—STATUTES  ADOPTED  FROM  OTHER
    STATES.   Where statutes of other states are adopted, it is as-
    sumed that the construction placed thereon by the courts of
    that state was also adopted.  (Page 138.)

4.  EXECUTORS  AND  ADMINISTRATORS—ACCOUNTING—CONCLUSIVENESS
    —EX PARTE SETTLEMENTS.   Comp. Laws 1907, Section 4048, pro-
    viding for correction of mistakes in settlement at any time
    before final settlement, allows correction of mistakes at any
    time before final settlement, where the settlement was *ex parte*,
    without notice to the parties interested, and without contest.
    (Page 138.)

5.  EXECUTORS AND ADMINISTRATORS—ACCOUNTING—CHARGES—INTER-
    EST.   Charging interest against executor or administrator should
    be predicated upon some fault or wrong of the executor or
    administrator, or upon his having made use of the funds or in
    some way profited by delay in final settlement, or in withhold-
    ing them after demand upon him.  (Page 138.)

6.  EXECUTORS AND ADMINISTRATORS—ACCOUNTING—CHARGES—INTER-
    EST.   Generally an executor or administrator is not prima
    facie chargeable with interest during the time the law allows
    for collecting the estate and settling the account.  (Page 139.)

7.  JUDGMENT—VALIDITY—PARTIES—PERSONS DECEASED.  No court is authorized in any proceeding to enter a judgment against a deceased person.  (Page 139.)

8.  EXECUTORS AND ADMINISTRATORS—ACCOUNTING—DECREE.  Decree in settling final account of executors should find what amount, if any, the executors are to be charged with, in addition to an amount disclosed by their final account, and order it paid into court for proper distribution or application.  (Page 139.)

On Petition for Rehearing.

9.  COURTS—APPELLATE COURTS—ORIGINAL JURISDICTION.  While the Supreme Court has the power to make its own findings in equity cases, it does so merely as an appellate tribunal, and possesses no original equity jurisdiction.  (Page 140.)

Appeal from District Court, Third District; *Hon. F. C. Loofbourow*, Judge.

Proceedings for final accounting by Alfred Solomon, surviving executor of the estate of Alonze H. Raleigh, deceased.

From an order sustaining objections to the account and setting aside former orders on intermediate accounts, the executor appeals.

REVERSED and remanded with directions.

*H. S. Tanner and Young & Moyle*, for appellant Solomon.

*Jones, Brown & Judd*, for respondent Rumel.

FRICK, J.

On May 13, 1901, one Alonzo H. Raleigh died in Salt Lake county, Utah, leaving a last will and testament and a large number of heirs.  In said will the decedent nominated as executors one William Asper and one Alfred Solomon.  When the will was presented for probate to the probate court of Salt Lake county, some of the heirs of the deceased, pursuant to the statute, filed objections to the appointment of said Asper and said Solomon as executors.  On November 9, 1901, the will was duly admitted to probate.  The objections filed as aforesaid, after a hearing by the probate court, were also overruled, and said Asper and said Solomon were duly ap-

pointed joint executors by said probate court, as provided in said will. Letters testamentary were duly issued to said executors, and they forthwith entered upon their duties as such. Our statute (Comp. Laws 1907, Sec. 3941) provides:

. "Six months after his appointment, also within thirty days after .the expiration of the time within which creditors must present their claims, and at any other time when required by the court, either upon its own motion or upon the application of any person interested in the estate, every executor or administrator must render for the information of the court an account of his administration, under oath, showing the sums of money received by him and from what sources, the amounts expended by him, a statement of all claims presented against the estate and the names of the claimants, and all other matters necessary to show the condition of its affairs."

Pursuant to the foregoing section, on December 6, 1902, the executors filed what is called their first account. Section 3942 provides:

. "When any account is rendered for settlement, the court or clerk must appoint a day for the settlement thereof, of which the clerk must give notice."

The record shows that the account presented as aforesaid was referred to a referee for audit, and that on January 26, 1903, the account was duly allowed and settled by the probate court of Salt Lake County. The order of the court settling the account seems to be full and regular. Some time after the approval of said account proceedings were instituted by some of the heirs of the deceased to remove the executors, but upon a hearing the objections were overruled, and all of the acts of the executors which were complained of were duly sustained and approved by the probate court. On July 5, 1905, the executors filed their second account. Objections were filed to that account by some of those interested in the estate. The objectors were represented by counsel. In September, 1905, an amended account was filed, and objections were also filed to the amended account by the same objectors who had objected to the account filed on July 5th as aforesaid. All the foregoing objections were duly heard by the probate court of Salt Lake County, and on October

14, 1905, the objections were overruled, and the account was settled and approved by said court. After the filing, hearing and approval of the second account, it appears that William Asper, one of the executors, died. On January 5, 1912, Mr. Solomon, the surviving executor, filed his final account. Objections were again filed to that account by the same, or at least some of the same, persons who had objected to the preceding accounts. New attorneys were called into the case representing the objectors, and they also filed what are called supplemental objections to said final account. The original objections to the final account are very general, and need no special consideration. The supplementary objections, so-called, after reciting all the former steps that had been taken during the administration, including the filing of the preceding accounts and the action of the court thereon, proceed as follows:

"That your petitioners are advised and believe and therefore aver that there are various and sundry errors, omissions, and misstatements in the reports and accounts of said executors, and that there are various and sundry items of personal property, including cash and stocks which are the property of said estate and the parties entitled under the last will and testament of the deceased, including your petitioners, which said properties have never been accounted for, nor reported to this court. That the several items of properties so referred to are of the approximate value of $1,800.

"That your petitioners are advised and believe, and therefore aver, that the management of said estate, by said executors has been at all times herein mentioned improvident and wasteful, and that they have mismanaged and dissipated a large portion of the assets of said estate, and have failed to render a true and accurate account and report of their administration upon said estate."

It is also made to appear from said supplemental objections that after the filing of the first objections to the said final account the probate court appointed one Orson P. Rumel as referee to examine said final account; that said Rumel had done so, and had filed his report, from which it was made to appear that he had gone back over the entire accounts and

doings of said executors, regardless of the filing of the two preceding accounts which had been filed by them, and which, after contests and hearings, had been duly allowed, settled, and approved by the probate court of Salt Lake County. A demurrer was interposed to the supplemental objections as being insufficient to authorize the court to re-examine the preceding accounts and the settlement thereof, which demurrer was overruled. It should be stated here that the first account was settled and approved by the Hon. W. C. Hall, and the second one by the Hon. George G. Armstrong, both of whom were district judges of the district court of Salt Lake County, while the hearing upon the final account and the order or judgment now under consideration were had and made by Hon. Frederick C. Loofbourow, also one of the district judges of the district court of Salt Lake County. Much evidence pro and con was produced upon the last objections which it is not necessary, however, to refer to in detail. It must suffice to say that the court, over the objections of the executor, permitted the objectors to go into the preceding accounts and to re-examine the same as though they had not been considered, heard, and duly approved by the two preceding district court judges who presided over the probate court at the times when the accounts were presented. After hearing the evidence the court made findings among which are the following:

"It appearing to the satisfaction of the court from the files, records, and all of the evidence therein that the former reports and accounts of said executors, hereinbefore described, were not true and correct, and contained many errors, and that the last and final report as rendered by said executors is not a true and correct account, and statement of the accounts, and assets of the said estate, and that all of the assets have not been accounted for by said executors, and that said reports and accounts were made and rendered either in gross negligence or fraud; the same being in fraud of the rights of the beneficiaries and parties entitled to said estate."

Upon the allegations made in the supplemental objections filed, which we have set forth herein, and upon the foregoing findings, the court vacated and set aside the former orders

or judgments by which the two preceding accounts were settled and approved, and entered findings in which the specific items now disallowed the executor are set forth, and for which the executors are required to account, and upon such findings the court entered a personal judgment against the living, as well as against the deceased, executor, for the entire amount found due, with interest thereon at the legal rate, dating back a large number of years.

The proceedings that arose pending the administration of the estate since 1901 are very voluminous, so much so that we cannot even set them forth in substance. For reasons hereinafter appearing, however, it will not be necessary to refer to those matters specifically.

Counsel for the surviving executor have assigned a large number of errors, and such as we deem material we shall now proceed to consider.

One of the principal assignments relates to the overruling of the demurrer which was interposed to the supplemental objections and to the overruling of the executors' objections to the court's re-examination of the two preceding accounts which had been settled and approved after contest, as before stated. It would seem that under ordinary conditions one would not have great difficulty in determining that when a court of competent jurisdiction, in the regular way, especially after contest, has settled and approved an administrator's or executor's account, such settlement would be conclusive until the same was, by a court of equity, set aside for fraud or mistake in a proper proceeding instituted for that purpose. In this jurisdiction, however, there is a statute, the provisions of which, apparently at least, are in direct conflict upon the subject of the settlement of executors' and administrators' accounts. Compiled Laws 1907, Sec. 3946, reads as follows:

"The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability, their right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either

In re Raleigh's Estate, 48 Utah 127.

individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of the account is *prima facie* evidence of its correctness."⟋

The foregoing section is a transcript of section 1637 of the California Code of Civil Procedure, and was incorporated into the Revised Statutes of Utah for 1898 by the code commissioners as section 3946 of that revision.

In addition to section 3946, *supra,* we also have section 4048, which provides:

"Mistakes in settlements may be corrected at any time before final settlement and discharge, and, after that time, by equitable proceedings, on such showing as will justify the interference of the court."

The latter section is taken from Iowa. See 1 McClain's Ann. Code of Iowa 1888, Sec. 3679. Section 4048 was adopted from Iowa and placed into the Revised Statutes of Utah of 1898 by the code commissioners. When that revision was adopted, therefore, we adopted the two conflicting provisions, one from California and the other from Iowa, and they have remained in force in this jurisdiction ever since. The probate court, in reopening and re-examining the two preceding accounts of the executors which had been duly allowed and settled after contest, one in January, 1903, and the other in October, 1905, literally followed and applied the provisions of section 4048, *supra,* taken from Iowa, and disregarded the provisions of section 3946, *supra,* taken from California. We think it is quite apparent that it is impossible for any court to follow literally the provisions of both of those sections. While that is true, we must nevertheless reconcile the conflicting provisions, if that can be done, and give them both effect to the extent that it is possible to do so without doing violence to the well-known rules or canons of construction. The statute, which is taken from Iowa, has been in force in that state, in substantially the same form it is still in force, for many years, as will appear from an examination of the several codes and revisions of that state. It is first found in the Code of Iowa of 1851. It was then carried into the Revision of 1860. From there into the Code of 1873, and then

into McClain's Ann. Code of Iowa of 1888, from whence it was taken by our code commissioners in 1898. From McClain's Ann. Code of 1888 it was carried into the Code of Iowa 1907. In the Iowa Code there is another section in which the right to correct mistakes is limited to one who did not have notice or did not take part in the settlement of the account. The two Iowa sections read as follows:

"3679.  Mistakes in settlement may be corrected at any time before final settlement and discharge of the executor, and even after that time on showing such grounds for relief in equity as will justify the interference of the court.

"3680.  Any person interested in the estate may attend upon the settlement of accounts by the executor and contest the same. Accounts settled in the absence of any person adversely interested and without notice to him, may be opened within three months on his application." McClain's Code.

In Iowa there is no provision for notice as in our statute. Section 3942, *supra*. By referring to the two Iowa sections it will be seen that they are not strictly harmonious. In section 3679 the right to correct mistakes in settlements seems to be given without qualification if made "at any time before final settlement and discharge of the executor," while in section 3680 only accounts that are settled "in the absence of any person adversely interested and without notice to him, may be opened within three months" from the time of said settlement. The Supreme Court of Iowa has, however, had frequent occasion to construe and apply the foregoing sections. The sections were under consideration in the case of *Cowins* v. *Tool*, 36 Iowa, page 85, where it is stated:

"The court of probate, having passed upon and approved these accounts, its action will be conclusive until impeached for fraud or mistake. It has the same effect as other adjudications of a court upon a matter within its proper jurisdiction." .

The court then refers to section 3679, *supra*, where it is provided that "mistakes in settlements may be corrected," etc., and concludes:

"These views dispose of the attacks directed against the several settlements made by the court of probate with the executor. They must stand until impeached by proper evidence of fraud or mistake."

To the same effect are the following Iowa decisions: *Kows* v. *Mowery,* 57 Iowa 20, 10 N. W. 283; In re Pennock's Estate, 122 Iowa 622, 98 N. W. 480; *Dorris* v. *Miller,* 105 Iowa 573, 75 N. W. 482; *Tucker* v. *Stewart,* 121 Iowa 714, 97 N. W. 148.

In *Dorris* v. *Miller, supra,* it is expressly held that the Iowa statute applies only where settlements have been made without notice, and in the absence of the party interested. Where, as in the case at bar, settlements have been made after notice and contest, it is held they can be assailed only for the same reasons and in the same manner as other judgments. In *Re Estate of Sawyer,* 124 Iowa 485, 100 N. W. 484, it is held that mistakes in *ex parte* settlements between the court and the executor, as the court puts it, may be corrected as in the statute provided, since such settlements are not regarded with the same solemnity as when they are made upon notice or contest. In *Tucker* v. *Stewart, supra,* the Supreme Court of Iowa again lays down the same rule, and holds that an attack upon a settlement made after notice and contest must be made by a bill in equity in the regular way, and that it should be brought in the district court and not in the probate court. In Iowa the district courts are invested with jurisdiction in probate matters the same as the district courts are in this state. In the Iowa cases it is also pointed out that allegations of fraud or mistake should be specific; that is, they should refer to the particular items sought to be corrected so that the executor may explain or meet them.

The rule upon the subject of pleading, as it is stated in 18 Cyc. 1203, seems to be the one that is generally adopted by the courts, including the courts of Iowa. In such cases the rule is there stated in the following words:

"The complainant's claim or title to relief should be stated with accuracy and clearness, and with such certainty that defendant may be distinctly informed of the nature of the case which he is called on to meet, and matters essential to the complainant's right to relief must appear, not by inference, but by direct and unambiguous averments. A bill or petition which contains only general charges of fraud, accident, or mistake, without specifying in what the fraud, accident, or mistake consists, is insufficient, and in a proceeding to surcharge and falsify, the bill or petition must specifically point out the errors, omissions, or false charges complained of."

See also, upon this proposition *In re Guardianship of Wells,* 140 Cal. 349, 73 Pac. 1065, where the rule as stated in Cyc. is approved.

Referring now to the California decisions which are predi-. cated upon section 3946, *supra,* it will be seen that it has also been held by the Supreme Court of California that all settlements, whether intermediary or final, are conclusive as to all items included therein, where the statutory require- ment of notice has been complied with, and where an heir or party is not laboring under some legal disability. *In re Es- tate of Grant,* 131 Cal. 426, 63 Pac. 731, *In re Estate of Mar- shall,* 118 Cal. 379, 50 Pac. 540, and *In re Guardianship of Wells,* 140 Cal. 349, 73 Pac. 1065, the question is discussed and decided. A large number of other California cases are referred to in the foregoing cases, to which reference, how- ever, is unnecessary.

It is apparent, therefore, that an executor's or adminis- trator's account which has been allowed can be assailed only in equity and upon the same grounds as other **1, 2** judgments. Moreover, such attacks cannot be made, as they were attempted to be made in this proceeding, by a mere reference to some items in the objections filed to the allowance of the final account, but the attack must be made as in other cases where a judgment is assailed for fraud, etc. From the foregoing it follows that the demurrer to the so- called objections, in so far as it was thereby sought to reach items which had been included in either one of the preceding accounts which had been settled and allowed by the probate court, should have been sustained. Moreover, the objections on the part of the surviving executor to the reopening and re-examination of any items which were included in the pre- ceding accounts, or in any one of them, and which had been allowed and approved by the probate court, should also have been sustained. For the same reasons the court erred in vacating and setting aside the orders or judgments allowing and settling the two preceding accounts.

The foregoing conclusions, as we have seen, are sustained by the Iowa decisions, notwithstanding the wording of sec- tion 4048, *supra.* In view that the decisions of Iowa

were in effect before that section was adopted by the code commission of this state in 1898, we must assume that the construction placed upon it by the Supreme Court of Iowa was likewise adopted. The construction placed upon that section, therefore, by the Supreme Court of Iowa is that mistakes may be corrected at any time before settlement of the final account and discharge of the executor or administrator where the settlement was had *ex parte,* without notice to the parties interested, and without contest. Otherwise the settlements are conclusive, unless they are set aside for fraud or mistake in a proceeding in equity commenced as proceedings to set aside other judgments must be commenced.

In view that the case must be remanded to the probate court of Salt Lake County, it becomes necessary to consider at least two other assignments.

As already pointed out, the court allowed interest amounting to over $1,000 against the executors. While it appears from the record that the estate remained unsettled for a long term of years, yet, whether that was caused through the negligence or fault of the executors, or whether it was due to the peculiar conditions of the estate, is not made to appear. Nor is it made to appear that the executors, or either of them, made use of any of the funds, or that they, or either of them, in any way profited by the delay in closing up the estate. An executor or administrator cannot legally be charged with interest upon the funds under his control belonging to the estate merely because the estate is not closed up and the funds distributed promptly. If interest is to be charged against the executor or administrator, it should be predicated upon some fault or wrong of such executor or administrator, or for the reason that he has made use of the funds, or has, in some way, profited by the delay and in withholding them after demand upon him. Under what circumstances interest may ordinarily be charged against an executor or administrator is stated by the Supreme Court of Iowa, in *Dorris* v. *Miller, supra,* in the following words:

"The general rule is not to charge executors or administrators with interest when their accounts are settled in the ordinary course, for the reason that they are not at liberty to risk the money belong-

ing to the estate, and are to be always ready to pay it over accord-
ing to the direction of the will or the orders of the court. If, how-
ever, they have made actual use of the funds, or delay paying over
balances in their hands after demand, or, without any just reason
or excuse, retain the money in their hands unemployed, when it
ought to be invested or paid over, they are chargeable with inter-
est."

Generally speaking, however, an executor or administrator
is not *prima facie* chargeable with interest during the time
the law allows for collecting the estate and settling
the account. From the record in this case we are un-          **6**
able to determine whether interest should be allowed,
and, if so, on what particular items. In determining that
question the trial court should be governed by the rule as
we have stated it above. It is clear, however, that the district
court allowed interest merely because of the delay in closing
up the estate. That may be, or may not be, correct.

It is next contended that the court erred in entering a
personal judgment against the executors. We think
this contention is also well taken. As we view it,     **7, 8**
no court is authorized in any proceeding to enter a
judgment against a deceased person. In any event, however,
the court, in the first instance, should only find what amount,
if any, the executors are to be charged with in addition to
the amount disclosed by their final account, and if the court
finds that they are to be charged with an additional sum or
amount, then the court should order them to pay it into court,
so that it may be distributed to those to whom it belongs, or
that it may be applied as required by law.

We desire to state in conclusion, that in the present state
of the record it is not possible for us to make an order or
direction respecting the items that should be allowed or dis-
allowed. While it seems reasonably clear from the record that
the affairs of the estate have been very carelessly, and per-
haps negligently, handled, and it may be that the executors
should be charged with various items that they have omitted
from their final account, yet all that we can direct at this
time is that all items which were included in the two preced-
ing accounts which were settled and approved by the probate
court may not be re-examined or modified in this proceeding.

As to all of those items the account is closed, unless and until the settlements are properly assailed and set aside for fraud or mistake under a proceeding in equity in the manner hereinbefore pointed out. Whether an action for fraud to set aside the former settlements would be barred under the rule laid down in the case of *Weight* v. *Bailey,* 45 Utah 584, 147 Pac. 899, is not before us now, and we therefore express no opinion upon that question. What items are included in the former accounts must be ascertained from an examination of the two accounts as finally settled by the probate court. We cannot devote our time to the ascertainment of such matters. That may be done by a referee appointed by the probate court, or by that court itself upon an examination of those accounts and the orders made by the court with respect thereto. What we have stated with respect to those accounts. also applies with equal force to the allowance of interest. Whether interest should be allowed must be determined from the conduct of the executors.

The judgment or order of the court appealed from is therefore reversed, and the case is remanded to the probate court of Salt Lake County, with directions to set aside its findings or judgment and to proceed to hear and determine the objections to the final account in so far as the objections are proper within the rule hereinbefore stated, and after said hearing to make findings and conclusions and to enter such order as may be proper and in accordance with the views herein expressed. Costs of this appeal to be paid out of the estate.

STRAUP, C. J., and McCARTY, J., concur.

On Petition for Rehearing.

FRICK, J.

Counsel for the estate have filed a petition for a rehearing upon the ground, among others, that we have "failed in part at least, to review and consider all of the evidence, * * * particularly those parts which show actual fraud, maladministration," etc. All the other grounds of the petition in some way are based upon, or relate to, the foregoing statement.

Counsel, we fear, have overlooked the gist of our decision. After a comparison of the different statutory provisions and the decisions applicable thereto our conclusions in the opinion are stated thus:

"It is apparent, therefore, that an executor's or administrator's account which has been allowed can be assailed only in equity and upon the same ground as other judgments. Moreover, such attacks cannot be made, as they were attempted to be made in this proceeding, by mere reference to some items in the objections filed to the allowance of the final account, but the attack must be made as in other cases where a judgment is assailed for fraud," etc.

If we should attempt to do what counsel, in their petition for a rehearing ask us to do, we would be compelled to usurp power by assuming the powers of a court of equity possessing original jurisdiction. For that reason we refrained from going into the evidence in the original opinion, and it is for that reason that we cannot entertain the petition for a rehearing. While this court has the power to make its own findings in equity cases, it, nevertheless, does so merely as an appellate or reviewing tribunal. We possess no original jurisdiction in such cases, and in case an action must be commenced in equity, as we have indicated should have been in this case, we cannot convert a mere motion into such an action. The petition for a rehearing must therefore be, and it accordingly is, denied.

STRAUP, C. J., and McCARTY, J., concur.