## AMERICAN THEATRE CO. v. GLASMANN et al.

No. 5986.   Decided July 5, 1938.   (80 P. 2d 922.)

*George C. Buckle*, of Salt Lake City, for appellant.

*Allen T. Sanford* and *E. A. Rogers*, both of Salt Lake City, for respondent.

LARSON, Justice.

The District Court of Salt Lake County entered a judgment in favor of plaintiff against the defendant A. L. Glasmann. He appeals on the judgment roll. The principal question presented involves the statute of limitations. The pertinent facts follow.

Plaintiff, hereinafter called the Theatre Company, on November 19, 1931, obtained a judgment in the City Court of Salt Lake City for $352.28 against the American Theatre Operating Company, hereinafter referred to as the Operating Company. Both were Utah corporations. All the stock in the latter company, except a few shares held by one Woolley, was owned and held by the four defendants Glasmann. In

June, 1929, the Operating Company by deed conveyed to defendant A. L. Glasmann, its principal stockholder, without consideration being paid therefor and for the purpose of winding up its business, all of its assets, to-wit, real property in Salt Lake City valued in excess of $100,000, which deed was recorded September 10, 1929. In February, 1932, plaintiff took execution on its judgment against the Operating Company and in March the same was returned wholly unsatisfied. In April, 1933, plaintiff commenced an action in the City Court of Salt Lake City against defendants on the identical cause of action here involved, which action was dismissed without prejudice in February, 1936, and this action commenced in the District Court of Salt Lake County on October 10, 1936.

The principal point argued and about which this action pivots is one of limitations. Appellant contends that the action is barred by limitations, raising the question both by demurrer and answer. He asserts that the action is one against a director and stockholder of a corporation and comes within the three year period of limitations fixed by Sec. 104-2-35, R. S. Utah 1933, and that the statute began running when the property was conveyed and the deed to Glasmann recorded in October, 1929. Respondent contends that the action is not against an officer of the corporation but is against the stockholder to whom the property was conveyed in order to wind up the business of the corporation, and then states: "The question involved in this action is the liability of a stockholder so receiving property of the corporation to a creditor of the corporation," and is governed by Sec. 104-2-23 or 104-2-30, R. S. Utah 1933. In either case the period is four years and respondent asserts that the statute would not commence running until the execution was returned nulla bona, or March 25, 1932. This action was commenced 4 years 7 months and 4 days after return of the execution. The statute of limitations is a defense in bar, and in most cases must be affirmatively alleged and pleaded or it is waived. (R. S. 1933, Sec. 104-

13-7), or if the lapse of the statutory period appears on the face of the complaint, the matter may be raised by demurrer. In either event the section of the statute applicable must be specifically pleaded. *Nelden-Judson Drug Co.* v. *Commercial Nat. Bank*, 27 Utah 59, 74 P. 195. It follows that if the section pleaded is not applicable it does not avail defendant that the action may be barred by another section not pleaded.

The only section of the Statutes of Limitations pleaded and relied upon by appellant, the defendant A. L. Glasmann, is Sec. 104-2-35, which reads:

"Actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created, by law must be brought within three years after discovery * * * of the facts," etc.

Appellant assumes, without citation of authorities or reasons stated, that this is an action against the directors for malfeasance or misfeasance, and comes within the section quoted. There is no allegation in the complaint that any of the defendants were directors or officers of the corporation. The allegation is that they were stockholders. There is no allegation of any misfeasance or any malfeasance, of any wrongdoing, or any fraud or concealment, unconscionable acts, or of any advantages gained to self. Any liability of appellant is merely one imposed not by statute but by the conscience of a court of equity, which holds the transferee of corporate assets who does not buy in good faith and for value as standing in the shoes of the corporation, holding the property for the payment of creditors and the balance, if any, for the stockholders. The rule applicable here is the same as in the ordinary case of a fraudulent conveyance of property by a failing debtor. *Garetson Lumber Co.* v. *Hinson*, 69 Or. 605, 140 P. 633; *Bellview Cemetery Co.* v. *Faulks*, 198 Ala. 579, 73 So. 927; Pomeroy, Equity Juris., Vol. 5, § 2330 (2d Ed.); Clark and Marshall on Corporations, p. 2354, Sec. 777.

It is clear this action is not for a penalty or forfeiture but is it "to enforce a liability created by law"? The courts have rather uniformly held under statutes such as this that the sections refer to such liabilities as arise ■ from or grow out of the fact of being a director or stockholder, a liability founded upon the fact of, or imposed because of, the relationship of being a stockholder or director.

We took the statute from California, and concerning this section the Supreme Court of that State ■ said in an early case:

"Our attention has not been called to any provision of statute which imposes any 'penalty' or 'forfeiture' upon a stockholder for any act as such, and no effect can be given to the words 'liability created by law,' unless we apply it to the liability which the law imposes when one becomes a stockholder, and thus establishes the relation to the creditors of the corporation to which the law affixes the responsibility."

*Green* v. *Beckman,* 59 Cal. 545, 20 P. St. Rep. 545; *Hunt* v. *Ward,* 34 P. 335, 99 Cal. 612, 37 Am. St. Rep. 87; *Kennedy* v. *California Savings Bank,* 97 Cal. 93, 31 P. 846, 33 Am. St. Rep. 163; *Whitten* v. *Dabney,* 171 Cal. 621, 154 P. 312, holds that the phrase "to enforce a liability created by law" means liabilities in the nature of penalties or forfeitures only. *Corning* v. *McCullough,* 1 N. Y. 47, 49 Am. Dec. 287; *Seymour* v. *Sturgess,* 26 N. Y. 134. It is evident therefore that the section upon which appellant relies has no application to the situation or facts presented by the pleadings and is not a bar to the action.

Respondent contends that the four-year period under Sec. 104-2-23 or 104-2-30, R. S. 1933, is the limitation that governs, and pleaded the pendency of the "same identical cause of action" for three years in the City Court to toll the running of the statute of limitations. But the action in the City Court could not toll the running of the ■ statute. Plaintiff pleaded and the District Court found that the City Court case was on "the same identical

cause of action" here involved. Such cause of action is an equity action in the nature of a creditor's suit to enforce a constructive trust and over such actions the City Court could acquire no jurisdiction whatever. Its pendency in the City Court, therefore, could not toll the statute. But since appellant did not plead or rely upon such sections he cannot avail himself of them now. The section pleaded and relied upon not applying to the case, it makes no difference whether or not the City Court action tolled the statute.

Appellant assails the Findings of Fact as contradictory, particularly parts of Findings Nos. 3 and 5, and in the particulars indicated the findings are definitely, clearly and positively contradictory. Finding No. 3 recites that in August, 1931, plaintiff brought a suit in the City Court of Salt Lake City and recovered a judgment therein on the 19th day of November, 1931. Then in Finding No. 5 the court finds that the aforesaid judgment was valid and subsisting in June, 1929, when conveyance to appellant was executed, that is, that a judgment was existing as such two years and five months before the same was entered, and two years and three months before the action in which the judgment was entered was commenced and filed. However, appellant's liability is not affected by the time such judgment was entered as long as it was before this action was commenced and within the period of limitations. This action is in nowise predicated upon the existence of any judgment at the time of conveyance to appellant as long as the debt which formed the basis for the judgment was existing at the time of the conveyance, which fact the court specifically found. Before the commencement of this action, however, plaintiff's claim had been reduced to judgment. Under the provisions of Secs. 104-14-7 and 104-39-3, R. S. 1933, we must disregard errors and exceptions which are not material and prejudicial to the substantial rights of the party excepting. There is, therefore, no cause here for reversal. The other errors assigned grow out of those above considered and are disposed of by what has there been said.

Finding no reversible error, the judgment is affirmed. Costs to respondent.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.