In re LINFORD'S ESTATE.  LINFORD v. LINFORD et al.

No. 7246.   Decided June 15, 1949.   (207 P. 2d 1033.)

See 34 C. J. S., Executors and Administrators, sec. 828.

*Leon Fonnesbeck,* Logan, for appellants.

*L. D. Naisbitt,* Logan, *W. Lee Skanchy,* Logan, for respondent.

WOLFE, Justice.

James W. Linford died intestate in Cache County, Utah, October 20, 1942, leaving an estate consisting of both real and personal property. His widow, Beatrice E. Linford Sorenson, respondent herein, was appointed administratrix of the estate. After she had filed an inventory and an appraisement of what purported to be all of the property of the decedent which had come into her possession or knowledge, she filed her final account with a petition for the settlement thereof along with a petition for summary distribution of the estate. On December 26, 1942, the court below entered a decree settling her final account, and after finding that the total value of the estate did not exceed $1,500, entered a decree of summary distribution distributing the whole estate to the respondent administratrix. The administratrix was not then and has not yet been discharged.

On April 22, 1948, the appellants, a son and a daughter of the deceased, filed in the court below a petition for citation to be issued to the administratrix to show cause why the summary distribution of the estate to her should not be vacated and why she should not be compelled to file a true and correct inventory and have the property reappraised and distributed as provided by law. The petitioner was purportedly brought on behalf of the appellants and on behalf of James S. Linford, a minor grandson of the deceased, the only child of Leo H. Linford, a deceased son of James W. Linford. The appellants allege in their petition, among other things, that although the name, age, and residence of James S. Linford was known to the administratrix, she failed to name him in her petition for summary distribution as an heir at law of the deceased, and consequently no notice of the hearing of the petition was mailed to him by the clerk of the court as required by statute; that the inventory filed by the administratrix was defective, incorrect, false and fraudulent in that it did not include all of the property of the estate but omitted certain items; and that the appraisement of the property listed in the inventory was likewise defective and fraudulent in that it fixed the value of certain items of property at a sum substantially less than their actual value. A citation as prayed for was issued by the court.

The respondent administratrix demurred to the appellants' petition on the ground that it did not state facts sufficient to constitute a cause of action; that there was a defect and misjoinder of parties; that several causes of action were improperly united; and that the petition was barred by the statute of limitations. The demurrer was sustained. The appellants prosecute this appeal from the judgment dismissing their petition and from the order sustaining the demurrer.

The record shows only a minute entry stating that the demurrer was sustained without revealing the ground or grounds for the ruling. When a demurrer is interposed

stating several grounds, the court should, when sustaining the demurrer, specify the grounds upon which it is sustained; otherwise, this court is not informed in regards wherein the complaint was deficient. We should not be required to examine all of the grounds in order to see if one or more were well taken. A blanket sustention of a demurrer without disclosing the basis for the ruling is a lazy ruling.

The appellants in their brief, however, state that the court below held that a statute of limitations barred their petition. If the court so held it erred because the respondent has not properly pleaded the statute of limitations. It has long been the law in this state that a demurrer on the ground that the cause of action is barred by the statute of limitations which does not state the section of the code relied upon is insufficient. See *Nelden-Judson Drug Co.* v. *Commercial National Bank*, 27 Utah 59, 74 P. 195, and *American Theatre Co.* v. *Glasmann*, 95 Utah 303, 80 P. 2d 922. The respondent has not designated in which section of the code he seeks refuge, but has merely pleaded that the appellants' petition is barred by a statute of limitations.

The respondent further contends that inasmuch as the appellants had notice of the hearing of the petition for settlement of the administratrix's final account and for summary distribution, but did not then object to any of the decrees entered below, they are now barred from complaining. Furthermore, the respondent contends that the court has lost jurisdiction of the property by reason of its order settling the administratrix's final account and decreeing the property distributed to her. In support of this contention the respondent relies upon 102-11-37, Utah Code Annotated 1943, which provides:

"The settlement of the account, and the allowance thereof by the court or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability their right to move for cause to reopen and

examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person the allowance and settlement of the account is prima facie evidence of its correctness."

In the case of *In re Raleigh's Estate,* 48 Utah 128, 158 P. 705, we construed the above quoted statute to mean that the settlement of an account, whether it be a final or an intermediary account, is conclusive as to all items included therein, provided that the statutory requirement of notice has been complied with, and no heir or party is laboring under any legal disability, unless the settlement is set aside in a proceeding in equity for fraud or mistake prosecuted as are proceedings to set aside other judgments. This case holds that the statute does not preclude the court from charging the personal representative with items of property which he has not included in his final account. Similarly in *Re Dyer's Estate,* 161 Wash. 498, 297 P. 196, where the administrator failed to inventory two hundred shares of stock, the court held that even though his final account had been settled by the court and a decree of distribution entered, the administrator, not having been discharged, should be required to administer the omitted property. See *In re Nielsen's Estate,* 198 Wash. 124, 87 P. 2d 298, and *Griffith* v. *Godey,* 118 U. S. 89, 5 S. Ct. 383, 28 L. Ed. 934, which are in accord with this result. The respondent's contention must fail.

Section 102-7-1, U. C. A. 1943, provides:

"Every executor or administrator must make and return to the court, within three months after his appointment, a true inventory and appraisement of all the estate of the decedent which has come to his possession or knowledge; and within two months after any other property shall be subsequently acquired, or after other property shall have been discovered, a true inventory and appraisement of the same shall be made and returned to the court."

We held in *re Robison's Estate,* 59 Utah 431, 204 P. 321, that the failure of an administrator to inventory all of the

property of the estate was a ground for revocation of his letters of administration. *Barka* v. *Hopewell*, 29 N. Mex. 166, 219 P. 799, held that where real estate was omitted from the inventory and appraisement it should be called to the attention of the probate court and caused to be included in a supplemental inventory and appraisement. Thus it follows that should it be found that there is property belonging to the estate which the administratrix has omitted from her inventory and which was not included in her final account nor distributed by the decree of summary distribution, the court should require her to account for it.

There is no merit to the argument made by counsel that there is a defect and misjoinder of parties to the petition for citation because James S. Linford, the aforementioned minor heir of the deceased, was not made a party to the petition. It is not necessary that he should have been joined as a party. This is not an action against the administratrix, but rather a petition directing the court's attention to certain alleged fraudulent and improper acts on the part of the administratrix, and requesting that the court require her to properly administer the estate. Should it be found that there is unadministered property belonging to the estate which when appraised will bring the total value of the estate above $1,500, then all of the heirs will be entitled to participate in the distribution of the estate regardless of whether they were joined as a party in the petition for citation.

The respondents have not presented in their brief any argument in support of their demurrer on the ground that several causes of action are improperly united in the appellants' petition. In view of this failure we will assume that they have abandoned this contention. Neither do we express any opinion as to the rights of any of the heirs to now question the appraisements placed upon the property inventoried by the administratrix. Anything we might now say on that question would be

pointless if it were found that the appraisements were not incorrect or fraudulent as alleged.

The order of the lower court sustaining the respondent's demurrer and the judgment dismissing the appellants' petition is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Costs awarded to the appellants.

PRATT, C. J., and WADE, LATIMER and McDONOUGH, JJ., concur.