## In re LINFORD'S ESTATE.
## SORENSEN v. LINFORD et al.

No. 7648.   Decided December 10, 1951.   (139 P. 2d 200.)

See 34 C. J. S., Executors and Administrators, sec. 362. Absent parties in administration of estates, notice to. 21 Am. Jur., Executors and Administrators, sec. 36.

*L. D. Naisbitt, W. Lee Skanchy,* Logan, for appellant.

*Leon Fonnesbeck,* Logan, for respondents.

CROCKETT, Justice.

James W. Linford died intestate October 20, 1942. His widow, Beatrice E. Linford, was appointed to administer the estate. The original inventory and appraisement showed assets totaling $1,072.40 as follows:

| | |
|---|---|
| Equity in real estate (the business property on which an upholstery business was conducted) | $ 322.40 |
| Ariel Larson notes, total $600, at 6% interest, $60 paid in 1940 | 500.00 |
| 1935 Chevrolet Sedan | 200.00 |
| Tools and equipment, Linford Upholstery Company | 50.00 |
| | $1,072.40 |

After the appraisers had determined the values as above set forth, the court, upon proper petition, decreed summary distribution of the estate to her as the surviving widow as permitted by statute because the estate had a total value of less than $1,500. She was not discharged as administratrix, however, and in fact has never yet been discharged.

It should be well noted that the equity in the building, together with the tools and equipment of the upholstery business, formed a part of the estate distributed to the widow under summary distribution. She proceeded to operate the upholstry business for a period of three years in her capacity as owner. Durng that time, mainly through her own diligence in working and attending to the business but also partly because of the war-time scarcity of new furni-

ture, the business was moderately successful. She paid off the balance owing on the building and certain other obligations against the estate and business and also made somewhat extensive repairs to the dilapidated building. In addition, the business showed a small net profit over that time. In 1945, she sold the business, including the building, tools and good will, for $6,000. And that is where the trouble arose. If the business had gone broke, nothing further would ever have been heard of the matter.

It was not until a considerable time after this sale, however (April, 1948), that Jean H. Linford and Phoebe Linford Bingham, decedent's son and daughter by a prior marriage, hereinafter called petitioners, filed a petition in their own behalf and recited it to be also in behalf of James S. Linford, a minor son of a son of the decedent, requesting that the administratrix be required to show cause why the summary distribution of the estate to her should not be vacated and that she be compelled to file a correct inventory and properly distribute the property. They alleged that the above inventory was false and fraudulent and failed to list certain property of the estate. The administratrix demurred; the trial court sustained; and on appeal this court overruled the demurrer, *Linford* v. *Linford,* 116 Utah 21, 207 P. 2d 1033, 1035. We held that the decree was subject to attack, even though the time for appeal had run since the entry of the original decree; that the statute of limitations was not properly pleaded and did not apply; that if there was other property which the administratrix failed to include in her inventory, then she should be required to account for it.

The district court then had a trial of the issues at which the petitioners introduced evidence that the administratrix had failed to include in her original inventory the following items of personal property, which we number for convenience in further referring to them: (1) a 1935 Ford pick-up truck (registered to Linford Upholstery Company);

(2) certain household furniture; (3) a contract for the sale of realty to one Hanson; (4) $268.50 insurance money which petitioners contributed toward decedent's burial expenses; (5) $132 additional interest on notes payable from Ariel Larson; and (6) the proceeds of the sale of the upholstery business. The court ruled that all of these items should be included in the estate together with item No. (7) net profit from the operation of the business over the three-year period amounting to $1,089.94. He refused a number of claimed deductions including $300 attorney's fees and $7,200 which administratrix requested as salary for operation of the business for the three years. The Court did, however, allow her $640 as double her statutory fee. This, added to other approved expenses, reduced the estate to $5,381.73, of which the Court decreed three-ninths ($1,-793.91) to her and of the remaining six-ninths, two-ninths ($1,195.94) each to Jean, Phoebe and the grandchild James, and entered judgment against her for that amount in favor of each.

From that judgment the administratrix has appealed. She maintains that because the petitioners were properly noticed concerning the proceedings, that in the absence of fraud, her final account and the decree of summary distribution entered thereon is conclusive upon them, relying on Section 102-11-37, U. C. A. 1943. We are in accord with that contention. In the former opinion in this case, speaking about that statute, this court, by Mr. Justice Wolfe, said:

"In the case of *In re Raleigh's Estate*, 48 Utah 128, 158 P. 705, we construed the above quoted statute to mean that the settlement of an account, whether it be a final or an intermediary account, is conclusive as to all items included therein, provided that the statutory requirement of notice has been complied with, and no heir or party is laboring under any legal disability, unless the settlement is set aside in a proceeding in equity for fraud or mistake prosecuted as are proceedings to set aside other judgments. * * *"

The *Raleigh* case referred to contains an excellent exposition by the late Mr. Justice Frick leading to the conclusion above quoted notwithstanding the apparent conflict between 102-11-37 which states that such accounts are conclusive and 102-14-23 which provides for correction of mistakes at any time before final discharge.

In the former *Linford* decision, the order overruling the demurrer to the petition was based upon the assumption that the allegations of fraud were true. The evidence produced at the trial utterly fails to support these alegations and the court made no such findings. ■ Judge Jones not only made no such findings, but his oral statements in his discussions with counsel indicate that he believed the administratrix had proceeded in good faith. That is the only conclusion one could draw from the evidence in the record. The judge did make an express finding that the business had been both carried on and sold in good faith by the widow under the belief that she had a right to do so.

In the absence of fraud, the petitioners having had notice, are bound by the decree as to the property included in the inventory. However, when it later appears that there is additional property properly belonging to ■ the estate it should be brought into the probate proceeding and properly accounted for. See *Linford* v. *Linford,* supra, and authorities cited therein.

We therefore direct our attention to the additional items of property hereinabove listed which the trial court ruled should now be included in the supplemental inventory: Item 1, the Ford pick-up truck appraised at $75; and Item 2, the furniture, appraised at $25, were ■ erroneously omitted from the original inventory and are now properly included. Item 3 was a contract whereby decedent and his wife sold real estate to William Hanson. The title actually stood in administratrix' name; the facts about it are a bit complicated and would not enlighten this

opinion by full delineation here. After the death of her husband she received the remaining payments, $550, from Hanson and gave him a deed to it. The trial court could correctly rule, under the evidence, as it did that Mr. Linford held the title in trust for her husband and that the value of the contract should have been included in the inventory of the estate. This proceeding is equitable in nature. 2 Bancroft's Probate Practice, 2d Ed., Sec. 39; *In re Houston's Estate,* 205 Cal. 276, 270 P. 939, 60 A. L. R. 730. Therefore this court will not disturb the findings of the trial court unless clearly against the weight of the evidence. The same rule governs Item 4, $268, which was one-half of the proceeds of an insurance policy on the life of the decedent which named Mrs. Linford beneficiary of one-half and Jean and Phoebe beneficiaries of the other half. Because Mrs. Linford had no funds to defray burial and funeral expenses, Jean and Phoebe at her request contributed their share which was used for that purpose. The finding of the court was that this was a gift to the estate and the evidence is such that the finding will not be disturbed.

Regarding Item 5, $132 additional interest received on the Ariel Larson notes: The notes and the amount thereof, the rate of interest, and the payments which had been made by Larson, were listed in the inventory, and the then value was placed upon them by properly appointed, disinterested appraisers. In the absence of fraud or collusion, that value stands regardless of the fact that the widow later actually collected this interest in excess of the amount the notes were appraised at.

This is also true of the upholstery business. As before mentioned, the "equity in real estate" of the business was included in the original inventory and appraisement and in addition thereto the "tools and equipment of the Linford Upholstery Company." This constituted the entire business as it then existed. It is true there was no specific reference to the good will of the business as

such, but the petitioners were on notice of the proceedings, which included notice of the inventory and appraisement and the manner in which such property was listed and appraised, and they failed to make an objection to the way in which it was done. The business property having been thus inventoried and appraised and distributed to the administratrix by the decree, the rights of petitioners are concluded by it as to that item also. That be so, she had no duty to account for Item 6, the proceeds of the sale, nor for Item 7, the profits of the business, and these items should not be included in her account.

It nevertheless appears from the findings of the court that Item 1, the truck, $75; Item 2, the furniture, $25; Item 3, the Hanson contract, $550; and Item 4, the insurance money, $268, must be added to the original inventory, $1,072, and the estate would thus exceed $1,500 in value.

The question is then presented: When a decree of summary distribution has been procured in good faith and later additional property comes to attention which brings the estate above $1,500, should the decree be vacated and the whole estate subjected to general probate? We think not. As hereinabove stated, decrees of the probate court can be assailed only in equity and upon the same grounds as other judgments. *In re Raleigh's Estate,* 48 Utah 128, 158 P. 705; *In re Brooks' Estate,* 83 Utah 506, 30 P. 2d 1065; and 4 Brancroft's Probate Practice, 2d Ed. Sec. 1011, et sequi.

In summary proceedings, inasmuch as no notice to creditors is given, a query arises as to their rights. The answer is found in this: Our statute authorizing summary distribution, Section 102-8-2, U. C. A. 1943, provides in part:

"* * * In all cases wherein the estate is valued at more than $1,500 the court may, on petition and notice, set apart and distribute

property, not to exceed $1,500 in value, to the surviving wife * * *."

It thus appears that even where the estate exceeds $1,500 the court may distribute that amount to the widow irrespective of the rights of creditors. When the additional property comes to light it then becomes necessary to give notice to creditors, as was done in this case, and to subject the additional estate to creditors' claims if any exist. The fact is that the administratrix paid all debts of the estate in the instant case.

We rule that the decree of summary distribution, having been procured in good faith, and no fraud having been proved, is conclusive against the petitioners as to the property included in the original inventory; that the additional property, Items 1, 2, 3 and 4, be included in the supplemental inventory and allocated in the probate proceeding as provided by law.

The Administratrix should be allowed to charge the estate with the reasonable expenses for attorneys' fees incurred by her for the work done in connection with the administration of the estate.

As to the minor grandson, James S. Linford, the administratrix knew of him and his whereabouts but did not list him as an heir in the petition for letters. He received no notice, he has not appeared nor been made a party by guardian, either general or ad litem. We again observe, as was indicated in the prior decision, that his rights are not concluded by the judgment herein. He is entitled to a full and accurate accounting and his proper distributive share of the estate.

The case is returned to the District Court of Cache County for further proceedings consistent with this opinion. Costs are awarded to appellant.

WOLFE, C. J., and WADE, McDONOUGH and HENRIOD, JJ., concur.