LAURENCE I. DUNCAN, *Tr.* v. FLORENCE G. DOW, *Ex'x.*

6

*Robert W. Upton* and *John H. Sanders* (*Mr. Upton* orally), for the plaintiff.

*John W. Perkins* (by brief and orally), for the defendant.

JOHNSTON, J.   It is elementary that the purpose of an account is to determine with what the accountant should be charged.   In *Buber* v. *Buber*, 85 N. H. 160, it was held that a bequest to the deceased which was vested but not reduced to the possession of the deceased was nevertheless a property right that should be inventoried and accounted for by the administrator of his estate.   "No disposition of the right having been made, the decree of the probate court allowing the appelee's account without charging him with this asset was error."   *Id.*, 164.   See also, 34 C. J. S. 1101; *In re Connolly's Estate*, 73 Mont. 35, 64;   *In re Raleigh's Estate*, 48 Utah 128, 139.   The present account is not an annual one of income and profit perhaps with supplemental information of a list of the securities held but is a final one made for the purpose of discharging the estate of the first trustee from all liability after delivery of the balance shown.

The Trial Court based its verdict for the defendant upon the following ruling, which was duly excepted to by the plaintiff: "The claim of the plaintiff that the decree of the Judge of Probate sounds in money is untenable. The Judge of Probate decreed that there was in the hands of the accountant securities and cash as appears in the annexed schedule of said account amounting to Ten Thousand Six Hundred and Twenty-five Dollars and sixty-seven cents ($10,625.67). These securities as listed in this account were turned over to and receipted for by the Successor Trustee."

This ruling was erroneous. If a probate decree is ambiguous and may be construed in a manner that makes it correct or in another that makes it illegal, the former construction is to be preferred. Unless the creator of a trust provides otherwise, it is the duty of a trustee to invest the funds in accordance with statutory requirements and he is liable for losses due to the depreciation of securities invested in by him that are not so classified. 2 Scott, Trusts, s. 205, p. 1098. An accounting that excuses a trustee from such duty is improper. The form of account in general use in the probate courts of the State outside of Rockingham County calls for a balance stated in money and a decree that charges the trustee with a cash balance. Although the probate decree in the present case is not free from ambiguity because it refers to a schedule that states only the cost prices of the securities, yet it must be understood to mean that the accountant is chargeable with such prices. Otherwise the matter of depreciation for which the trustee may be responsible cannot be considered and the decree on such an account is incorrect. There was nothing in the account to inform the Probate Judge or interested parties that the cost prices were not still the actual market values of the securities.

In other words, the disputed decree is held to sound in money and not in useless figures of inventory or cost values that may be found by resort to other parts of the record of the case. *In re Boyer*, 124 N. Y. S. 892; *In re Richardson's Will*, 266 N. Y. S. 388, 390. The decree is a judgment for money and not for securities in specie. While there may be instances of probate decrees that charge accountants in specie (*Kent* v. *Hunt*, 74 N. H. 74), the practice is not to be encouraged except where there is a duty so to hold property.

Since no defense is shown to the action of debt, the plaintiff is entitled to judgment for the balance of $4,167.36 with interest from the date of the probate decree, if the latter stands.

However two of the investments were legal. If the item of depreciation was not claimed in the account because of a mistake, the

Probate Judge may still reopen it and correct the account. "We are of opinion that wherever there has been a manifest mistake in an account settled in the court of probate, it is competent to the judge of probate at any time before a final settlement of the estate, to correct it in a subsequent account, provided there does not appear by the record to have been a particular adjudication upon the subject. Mistakes will sometimes unavoidably occur, and it is just and reasonable that they should be thus corrected." *Allen* v. *Hubbard*, 8 N. H. 487, 489, 490. See also, Hoyt, Probate Practice, 184, and cases there cited. So far as can be learned from the exhibits, the brother Albert N. Dow made no charge against his sister for personal services or for a commission. If that is a fact, it might be found fair on a reopening of the account for the Probate Court to consider this. The bequest was originally $10,000. Any loss due to neglect of the trustee should be figured from this and not from an appreciated value of the purchased securities at the time of the inventory. If securities once legal ceased to be so, a reasonable time should be allowed for reinvestment. It might be found that consideration of other items is involved in a possible reopening on account of the item of depreciation mistakenly overlooked.

It is not the duty of the successor trustee to contest the account of the defendant as executrix, merely to collect the assets as disclosed by the account. "Except under extraordinary circumstances, no duty would, therefore, devolve upon the present trustee to investigate the conduct of his predecessor." *Spooner* v. *Dunlap*, 87 N. H. 384, 387.

If the defendant desires to move to reopen her account in the probate court, it would be proper for the present action to be stayed pending the outcome of such motion. A corrected account should be allowed, if at all, as of such date as to make it a proper basis for the present action of debt.

*Judgment for the plaintiff, nisi.*

DUNCAN, J., did not sit: the others concurred.

ON REHEARING. After the foregoing opinion was filed the defendant moved for a rehearing.

*John W. Perkins* (orally), for the motion.

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Godfrey* orally), *amicus curiae* for the motion.

*Orr & Reno (Mr. Orr* orally), *amicus curiae* also for the motion.

*Robert W. Upton* (orally), opposed.

JOHNSTON, J. The principal criticism of the opinion has been directed to the following sentence: "In other words, the disputed decree is held to sound in money and not in useless figures of inventory or cost values that may be found by resort to other parts of the record of the case. The decree is a judgment for money and not for securities in specie." It is not believed that this sentence imposes upon trustees any new or greater liability than that which has been recognized by trustees generally. In fact it is difficult to perceive the basis for objection to charging a trustee in accordance with the tenor of his own account. The criticisms leveled against the opinion have dealt rather with its supposed implications and the problems of accounting which are thought to be involved.

The requirement that a trustee ordinarily be charged with a balance of values stated in terms of money is an aid in determining the efficiency and the integrity of his administration. It is not intended that he be burdened with a needlessly meticulous disclosure of facts. As a trustee must deliver the *res* with which he is entrusted, it is not always necessary that he note in his accounts appreciations in value over inventories or previously found balances. Securities fluctuate from time to time. If a trustee can produce values totaling the balance with which he is charged, it may be unimportant that he state in his account the precise value at the time of each security held unless the judge of probate on motion or otherwise so orders. If a lessening of the total of an estate occurs after the decree and before delivery of the trust fund, any danger of a wrongful liability may be obviated by a new account if a release cannot be obtained by informal explanations. Again, delivery may be made before the allowance of the account. Wasteful conversion of the fund into cash ordinarily is neither required nor is it proper administration.

The Legislature of 1947 amended the statutory provisions concerning accounts of trustees. Laws, 1947, *c.* 264. The requirement for an annual account of income and profit found in paragraph II of section 1 of chapter 363 of the Revised Laws was qualified in section 3 of said chapter 264 by the words, "unless excused by the judge of

probate as provided by law." Section 4 of said chapter 264 supplements section 18 of chapter 363 of the Revised Laws by inserting at the beginning of said section the following sentence: "Every trustee shall file in the probate office an annual account of administration, unless upon petition he is excused by the judge of probate; but in no event shall he be excused for a period longer than three years." The only other material change in this section 18 of chapter 363 of the Revised Laws relating to the filing of accounts is to substitute "final account" for "account." Doubt has arisen as to the meaning of "annual account of administration" in the statute as amended. Since effect should be given to section 3 of chapter 264 of the Laws of 1947 and it is unreasonable to hold that the Legislature intended that trustees should each year file two accounts, one of income and profit and the other a complete account of the trust estate, it is evident that by "annual account of administration" is meant the account of annual income and profit provided for in section 3 of chapter 264 of the Laws of 1947. The present opinion is concerned with a final account by the executrix of a deceased trustee. Final accounts should also be filed at the expiration of a trust and whenever a trustee severs his connection by reason of resignation, removal or otherwise. Items of depreciation need not appear in accounts of income and profit but only in those that are final and whenever such accounting may be required by the Judge of Probate because of special circumstances.

*Former result affirmed.*

DUNCAN J., did not sit: the others concurred.